OLIVIA T. SAVAGE, APPELLANT, V. ASHBEL P. HAZARD AND JONAS B. AIKEN, APPELLEES.

1. **Fraud.** One C. A. S., being in embarrassed circumstances, conveyed certain real estate to his brother, W. T. S., for an expressed consideration of $10,000.00, taking his notes therefor, the object being to delay and defraud creditors of which W. T. S. had knowledge. A creditor of C. A. S. thereupon attached the land, and after judgment purchased the same at judicial sale as the property of C. A. S., and obtained a sheriff's deed therefor. W. T. S., while the action was pending conveyed to the wife of C. A. S., taking her notes for ten thousand dollars. In an action by the wife against the purchaser to quiet title, Held, that W. T. S. was not a bona fide purchaser, neither was the plaintiff, and affirmative relief was granted to the defendant.

2. **Bona fide Purchase.** To constitute a bona fide purchase it must be made without notice and with the money actually paid.

APPEAL from Gage county.    Tried below before WEAVER, J.

E. Wakeley (with Hale & Hardy) for appellant. The conveyance from Charles A. to William T. Savage was not fraudulent as to creditors.    Felton v. Dickinson, 10 Mass., 287.    Brewer v. Dyer, 7 Cush., 337.    Carneigie v. Morrison, 2 Met., 381.    Barker v. Bucklin, 2 Den., 45.    D. & H. Canal Co. v. Bank., 4 Den., 97. Burr v. Beers, 24 N.Y., 178.    Bealls v. Bealls, 20. Ind.,

163.   *Allen v. Thomas,* 3 Met. (Ky.), 198.   *Bohanan v. Pope,* 42 Me., 93.   *Crocker v. Higgins,* 7 Conn., 342 (347.) *Thompson v. Gordon,* 3 Strob. (S. C.), 196.   *Lucas v. Chamberlain,* 8 B. Mon., 276.   *Beers v. Robinson,* 9 Barr., 229.   *Dearborn v. Parks,* 5 Greenl., 31.   *Jackson v. Hoffman,* 9 Cow., 271.   *Johnson v. Gilbert,* 4 Hill, 178.   *Crown v. Curtis,* 2 Conn., 225.   *Barker v. Bucklin,* 2 Den., 45.   *Smith v. Finch,* 2 Scam., 321.   *Jones v. Palmer,* 1 Doug., 370.   *Thompson v. Gordon,* 3 Strob. (S. C.), 196.   *Cordell v. McNiell,* 21 N. Y., 336.   *Pike v. Brown,* 7 Cush., 133.   *Haydon v. Christopher,* 1 J. J. Marsh, 382.   *Robbins v. Byers,* 10 Mo., 538.   *Maxwell v. Harris,* 41 Me., 559.   *Barringer v. Warden,* 12 Cal., 311.   *Kutzmyer v. Ennis,* 27 N. J. (L.), 371.   The notice in the attachment proceedings commenced by Aiken was insufficient to give court jurisdiction and Aiken any title.   It was not published four consecutive weeks.   First insertion July 27, 1876, the fourth and last, Aug. 14, 1876, being only 18 days.   *Atkins v. Atkins,* 9 Neb., 191, and cases cited.   *Webster v. Reid,* 11 How., 437.   *Rape v. Heaton,* 9 Wis., 328.   *Northrop v. Shepard,* 23 Wis., 513.   *Senichka v. Lowe,* 74 Ill., 274.   *Faulkner v. Guild,* 10 Wis., 569.   *Pollard v. Wegener,* 13 Wis., 569.   *Claypool v. Houston,* 12 Kan., 321.   *McMerrin v. Whelan,* 27 Cal., 300.   *Shields v. Miller,* 9 Kan., 390.   *Boyland v. Boyland,* 18 Ill., 552. *Brownfield v. Dyer,* 7 Bush., 505.

*Colby & Hazlett* (*A. J. Poppleton* with them) for appellees.   The conveyance to William T. Savage was fraudulent, and the burden of proof is on the donee to repel the presumption of fraud.   Bump. on Fraud. Conv. and cases collated on pp. 259, 270, also *Johnson v. Dick,* 27 Miss., 277.   *Weisiger v. Chrisholm,* 28 Tex., 790.   *Butler v. Breck,* 7 Me., 166.   *Gillitte v. Phelps,* 12 Wis., 393.   *Merrile v. Lock,* 41 N. H., 491.

*Purkett & Polark*, 17 Cal., 332. *Ferguson v. Gilbert*, 16 Ohio St., 88. *Jones v. Taylor*, 2 Atk., 600. Bump. Fraud. Conv. 95, 96. Mrs. Savage took with notice. G. S., 536, secs. 79, 80, 85. *Bennett's Lessee·v. Williams*, 5 Ohio, 461. Wade on Notice, § 348 p. 151. The notice of publication was sufficient. The affidavit of the publisher shows that it "was published in said newspaper in said county four consecutive weeks, and four times once in each week; that said fourth publication of said notice and said fourth consecutive week of said four consecutive publications, was made and completed on the 14th day of August, A.D. 1876." The first publication was made on the 27th day of July. The statute does not require four weeks' notice. A publication of the notice in four consecutive weeks is what is required. It is no objection to the publication of the notice that four full weeks did not elapse between the first and last days of publication, or that a period longer or shorter than seven days intervened between the successive issues of the paper. *Olcott v. Robinson*, 21 N. Y., 150. *Rockendorf v. Taylor's lessee*, 4 Pet., 349. *Bachelor v. Bachelor*, 1 Mass., 256. *Pierson v. Bradley*, 48 Ill., 250. *Cass v. Bellows*, 31 N. H., ·501. *Sheldon v. Wright*, 5 N. Y., 497. Wade on Notice, sec. 1076, 77, 78, 79, 1101. Maxwell's Pl. and Pr., 51.

MAXWELL, CH. J.

This is an action to quiet title. It appears from the record that on the 21st day of July, 1876, the defendant herein, Jonas B. Aiken, commenced an action by attachment, in the district court of Gage county, against Charles A. Savage, to recover the sum of $11,000 and interest, and on the 24th of that month caused certain real estate situate in Gage county to be

levied on under the attachment as the property of
Charles A. Savage. Service was had by publication,
and on the 20th of December, 1876, judgment by de-
fault was taken against Savage for the sum of $11,308,
and the property attached was ordered sold. A sale
was thereafter had of the attached property, which
was purchased by the defendant, Jonas B. Aiken, and
on the 11th day of May, 1877, the sale was confirmed
and a deed made to the purchaser. On the 26th day
of November, 1875, Charles A. Savage conveyed the
lands in controversy to his brother, William T. Savage,
by warranty deed, for an expressed consideration of
$10,000. On the 16th day of August, 1876, William
T. Savage conveyed, by quit-claim deed, the land in
controversy to Olivia T. Savage, the wife of Charles
A. Savage, the consideration expressed in the deed
being the sum of $5,000. On the 27th day of June,
1877, the plaintiff commenced her action in the dis-
trict court of Gage county, to remove the cloud from
her title to the real estate in controversy, caused by
the sheriff's deed to the defendant, Jonas B. Aiken,
and to quiet and confirm her title to said real estate.

The defendant, Jonas B. Aiken, answered the plain-
tiff's petition, alleging, among other things, that
Charles A. Savage " deeded said lands to his brother,
William T. Savage, on the 26th day of November, A.D.
1875, without receiving any consideration therefor; and
the said William T. Savage, fraudulently colluding
with the said Charles A. Savage, for the purpose of
hindering, delaying, and defrauding this defendant,
deeded said lands to Olivia T. Savage, the plaintiff,
and wife of the said Charles A. Savage, without receiv-
ing any consideration therefor," etc. These facts are
denied in the reply.

It will be seen that the principal question in the case
is, whether or not William T. Savage was a *bona fide*

purchaser of the lands in controversy? He testifies that he came to Illinois in September, 1874. His brother Charles A., at that time being very sick, and supposing that he was about to die, wished to give Aiken one-half of these lands, provided Aiken would release his indebtedness to him (Aiken) and would pay about $1,500 incumbrance on the land. The other half of the lands he gave to the witness and his sisters. He also testifies that he gave his note for these lands in the sum of $10,000, in November, 1875; that when it was executed, an endorsement was put upon it of the amount that he claims to have previously sent to his brother Charles, and that after six months he paid thereon $1,000, and that he assumed certain debts due from his brother to his sisters, amounting to several thousand dollars. He also testifies that in July, 1876, he offered Aiken a deed for one-half of these lands in liquidation of the indebtedness of his brother Charles, which Aiken declined. He also testifies that the plaintiff purchased these lands from him in August, 1876, giving $10,000—that is, she gave him "two notes of five thousand dollars each—in payment at the time," and the next year she paid $1,000 in cash thereon. On cross-examination he states that at the time he purchased these lands he knew that "his brother was greatly troubled with his debts." He also states that his brother had conveyed certain real estate to him in Quincy, Illinois, for a consideration expressed in the deed of $1,500, for which he had paid nothing.

To constitute a *bona fide* purchase for a valuable consideration, it must be without notice and with the money actually paid. In cases of trust, there must not only be a denial of notice before the purchase, but a denial of notice before payment of the money. *Jewett v. Palmer*, 7 Johns. Ch., 68. *Harrison v. Southcote*, 1 Atk., 538. *Story v. Windsor*, 2 Id., 630.

A person who purchases with notice, though for a valuable consideration, is not protected. It is very clear to our minds that William T. Savage is not a *bona fide* purchaser. He seems to have taken the conveyance for the express purpose of delaying and defrauding the creditors of his brother. His own testimony establishes this fact; but when considered in connection with the other testimony in the case, the proof on that point is conclusive. The plaintiff purchased while the case of Jonas B. Aiken against Charles A. Savage was pending, and after the attachment had been levied upon the land; and according to her own testimony she paid nothing thereon until nearly a year from the time of the alleged purchase—the deed from the sheriff to Aiken for the lands in controversy being filed for record on the 2d day of June, 1877—and is not a *bona fide* purchaser. No issue is made in the pleadings in regard to the indebtedness of Charles A. Savage to Aiken, and the large amount of testimony on that point in the record is not pertinent to the issue. The judgment of the court below, finding the issues in favor of the defendant, is clearly right, and is affirmed.

JUDGMENT AFFIRMED.