WILLIAM W. BUCHANAN, APPELLEE, V. SIMON P.
WISE ET AL., APPELLANTS.

[FILED DECEMBER 31, 1889.]

1. **The Evidence** examined, and *held*, not to sustain the finding of
the district court upon questions of fact.

2. **Foreclosure** : PURCHASERS: EQUITIES. An attorney instituted
an action to foreclose a mortgage on real estate. The mortgagor
was deceased, and his heir was not made a party defendant, but
pending the action executed a quit-claim deed to the mortgagee,
who was plaintiff in the action, and which deed was never re-
corded in C. county, where part of the land (including that in-
volved in this suit) was situated. Upon the decree of foreclos-
ure being entered, and the land sold, the attorney purchased
the same in his own name, and subsequently sold; his grantee
taking by warranty deed and holding open and notorious pos-
session, and which possession has continued hitherto. Dur-
ing such possession, S. & Y. purchased ten hundred and eighty
acres of the property of the heir of the mortgagor, and received
a quit-claim deed reciting the consideration to be $50, the deed
being only a release and quit-claim, but not assuming to convey
the land. The conveyance was made to A, who paid no consid-
eration. A subsequently executed a quit-claim, or special war-
ranty deed to Y., without actual consideration being paid, who
afterwards conveyed to plaintiff by warranty deed ; but aside
from the recital in the deed, it was not shown, upon the trial
that plaintiff bought *bona fide*, nor that he actually paid any
consideration. It was *held*, First, that the equities of defend-
ant in possession were superior to those of plaintiff who brought
suit to redeem from the mortgage ; and, Second, that plaintiff,
having failed to prove a *bona fide* purchase on his part, he could
not recover against any of the defendants.

APPEAL from the district court for Cuming county.
Heard below before CRAWFORD, J.

*N. H. Bell*, for appellant Wise.

. *C. C. McNish*, and *M. McLaughlin*, for appellants Gra-
ham, Richards, and Keene.

*Pemberton & Bush, J. A. Smith,* and *N. K. Griggs,* for appellee.

REESE, CH. J.

This cause was appealed from the decree of the district court of Cuming county.

The plaintiff exhibited his petition in the court below, alleging that he is the owner in fee simple of the following real estate in said county : The southeast quarter of section 12, in township 23 north, of range 5 east, and the northeast quarter of the northeast quarter, and southwest quarter of the southwest quarter of section 6, and the southwest quarter of the northeast quarter of section 22, in township 21 north, of range 4 east of the sixth principal meridian ; that on April 2, 1874, Frank Kipp died, intestate, lawfully seized of said premises, leaving as his sole heir Ralph Kipp, from whom he derives title by absolute deed of conveyance; that A. A. Campbell was appointed administrator of the estate of Frank Kipp, deceased, and as such paid all debts of the estate not secured by mortgage, and the county judge of said county by proper decree declared Ralph Kipp heir to the estate; that on January 1, 1874, Frank Kipp executed and delivered to John A. Van Steenberg a mortgage on said premises to secure a note of $1,000, due January 1, 1879, with interest at twelve per cent, payable annually ; that said mortgage not being paid when due, a suit was brought on September 12, 1879, to foreclose the same in the name of John A. Van Steenberg, but actually in the interest of William A. Van Steenberg, the mortgage having been assigned to him prior to the commencement of the suit, which was brought against the administrator of the estate of Frank Kipp and J. H. Warren, who claimed title by virtue of a tax deed issued to him on the premises by the treasurer of said county, pursuant to a sale of the same for taxes, and that on September 7, 1880, a decree of fore-

closure of the mortgage was taken against said defendants and a sale of the premises ordered; the amount due Warren was determined, and ordered to be paid out of the proceeds of the sale; in pursuance of which, on December 31, 1880 , the premises were sold to E. P. Weatherby for $825, on May —, 1881, the sale was confirmed, and on June 2, 1881, the sheriff's deed therefor was made and delivered to the purchaser.

That neither Ralph Kipp nor plaintiff was a party to the foreclosure suit, nor were the rights of either in any manner affected therein; that the defendants claim title under the sheriff's deed to Weatherby, and Weatherby's conveyance to them; that defendant Wise so claims the southeast quarter of section 12, township 23, range 5; defendants Keene and Richards so claim to own the northeast quarter of the northeast quarter of section 6, township 21, range 4, and defendant Graham so claims to own the southwest quarter of the southwest quarter of section 6, township 21, range 4, and the southwest quarter of the northeast quarter of section 22, township 21, range 4.

That on June 24, 1881, defendant Wise entered into possession of said southeast quarter of section 12, township 23, range 5, and thence forward received the rents and profits, amounting to $1,000, to his own use; that the other lands described are wild, uncultivated prairie lands; that in the said foreclosure the tax deed of Warren was decreed to be void and was set aside, and the cloud thereby was removed from the title of the premises, but the sum of $483.14 was found due to Warren upon his tax deed, and made a first lien upon the premises, and was paid in full out of the proceeds of the sale.

That plaintiff hereby offers to pay into court for the defendants, as their interest may appear to be, the full amount of the mortgage and interest, and taxes and interest, after deducting the rents and profits received by defendants, and offers to pay into court for the use of defendants such fur-

ther sums, if any, as the court may find necessary to entitle the plaintiff to fully redeem the premises from the liens of mortgage and taxes, and all liens held by defendants.   An accounting is therefore asked of liens and taxes, and of rents and profits on the lands, with privileges of redemption and possession in the plaintiffs, and general relief, etc.

The defendants Graham, Keene, and Richards answered, denying that the plaintiff is seised of the premises described, or any part thereof, or that he has any interest therein to entitle him to redeem the same, or to have possession thereof, or to any relief either in law or equity. They admit that Frank Kipp died intestate, seised of the premises as alleged; that A. A. Campbell was administrator of his estate; that John A. Van Steenberg was the mortgagee of the premises, which mortgage was foreclosed and the premises sold to E. P. Weatherby, the sheriff, as stated ; and that neither the plaintiff nor Ralph Kipp were parties to the action, but allege that all proceedings thereunder, down to the possession of the premises by the purchaser, were with the full knowledge of Ralph Kipp, who claimed no title or interest in the premises until the commencement of this suit, and until which time the defendants had no knowledge of the plaintiff's adverse claim of title or interest in said premises.

The defendants set up that if Ralph Kipp had any title or interest in said lands he conveyed the same by deed, on December 13, 1879, to John A. Van Steenberg, the mortgagee in the foreclosure proceedings, a copy of which deed is exhibited, and of the execution of which the plaintiff had due notice; they deny all the allegations of the plaintiff not herein admitted, and pray that the action be dismissed.

The defendant Wise answered, separately, denying that the plaintiff is seised in fee simple of the southeast quarter of section 12, township 23 north, of range 5 east of the 6th principal meridian, in said county, or any part thereof,

as, claimed, or that he has any interest therein, or right of redemption thereof, or is entitled to any relief in law or equity against defendant. He admits that Frank Kipp died intestate, seized of the lands as stated; that A. A. Campbell was his administrator; that John A. Van Steenberg was the mortgagee of the lands; that the mortgage was foreclosed without the plaintiff or Ralph Kipp having been parties to the action, and the land sold, under a decree of the court, by the sheriff to E. P. Weatherby, which sale was confirmed and a deed executed to the purchaser; that defendant claims title thereunder to the southeast quarter of section 12, township 23, range 5, but alleges that the rents and profits have not exceeded $200; that said purchaser sold the last described premises to A. R. Graham, who, on June 24, 1881, sold and conveyed the same to defendant for $1,100, which was the full value of the land; that he bought the same in good faith, without notice or knowledge of any title or claim to the same on the part of Ralph Kipp, or of any one else; that he entered upon possession and has continued in the open, notorious, exclusive, and undisputed possession, cultivating it as a farm, and making valuable improvements under a *bona fide* claim of title, without notice or reason to suspect that there existed an adverse title until the commencement of this suit; that during his occupancy he has erected a dwelling house of the value of $225, a barn worth $125, a granary worth $100, fencing worth $30, putting in cultivation sixty acres at a cost of $180 and planted trees of the value of $100, all of the aggregate value of $760.

Defendant alleges that Ralph Kipp had full knowledge of the institution of the foreclosure suit, and of all the steps taken and the incidents therein to the purchase of the land by Weatherby, the sale by him to Graham, and of the sale by Graham to defendant, and of defendant's possession and improvements thereof, under his claim of title aforesaid; and at no stage of said proceedings, nor at any time since,

did Kipp, or any one for him, assert or claim any title or interest therein, but slept on any rights he may have had, until the commencement of this suit.

The defendant sets up that if Ralph Kipp ever had any title or interest in said lands, he conveyed the same by deed on December 13, 1879, to John A. Van Steenberg, the mortgagee in the foreclosure proceedings, a copy of which conveyance is exhibited, and of the execution of which the plaintiff had due notice; he denies all the allegations of the plaintiff not admitted, and prays to go hence with his costs and recover the value of his improvements on the land in controversy in case the court finds the superior equities of the case with the plaintiff, and he shall be required to yield possession of the premises.

The plaintiff's reply denied each and every allegation of new matter in the defendant's answer contained, and alleged that he purchased the premises, which this action is brought to recover and redeem, in good faith, for a valuable consideration, relying upon the record of deeds of said county for defendant's claim of title, and without any knowledge or notice that any one had claimed any interest therein, except under the sheriff's deed described in his petition.

On April 4, 1887, this cause was submitted to the court below, without the intervention of a jury, and after the hearing of evidence, and upon various motions of amendment of pleadings and continuances until December 15, 1887. In consideration whereof and the court being fully advised, found for the plaintiff generally; and a decree for the plaintiff having been entered, exceptions were taken by all the defendants, and the cause comes to this court on appeal. Subsequently, upon the suggestion of a diminution of record in this court, it was stipulated in writing, by the parties, that the record now here on file be so amended as to conform to the pleadings and evidence, and a decree was entered as follows:

"On this 15th day of December, 1887, this cause came on for hearing on the amended petition, the answer of defendants Andrew R. Graham, L. M. Keene, and L. D. Richards, and the separate answer of Simon P. Wise, the reply and the evidence, and was submitted to the court; in consideration whereof the court finds for the plaintiff generally, and also finds:

"I. That on April 2, 1874, Frank Kipp died intestate seized in fee simple of the following premises situate in said county of Cuming, Nebraska, to-wit: The southeast quarter (S. E. ¼ ), of section number twelve (12), in township number twenty-three (23) north, of range number five (5) east, and the northeast quarter of the northeast quarter (N. E. ¼ of N. E. ¼), and the southwest quarter of the southwest quarter (S. W. ¼ of S. W. ¼) of section number six (6), and the southwest quarter of the northeast quarter (S. W. ¼ of N. E. ¼) of section number twenty-two (22), in township twenty-one (21) north, of range number four (4) east of 6th P. M., and the said Frank Kipp left surviving him, as his sole heir, his father, Ralph Kipp.

"II. That on January 1, 1874, said Frank Kipp executed to one John A. Van Steenberg a mortgage deed upon said premises to secure the payment of a note of $1,000, due on January 1, 1879, with interest thereon at the rate of twelve per cent per annum, payable annually.

"III. That default having been made in the payment of said mortgage debt an action was brought in this court on September 12, 1879, to foreclose said mortgage; that said action has brought in the name of said John A. Van Steenberg as plaintiff, but in the actual interest of one William H. Van Steenberg, who was then the owner of said mortgage, it having been before that time duly assigned to him by said John A. Van Steenberg, and that said William H. Van Steenberg was the owner of said mortgage at the commencement of this action, and continued the owner of it until long subsequent to the time of the termination of

said action, and the sale made thereunder as hereinafter stated; that said action was brought as aforesaid against one A. A. Campbell, administrator of the estate of said Frank Kipp, who was then deceased, and one John H. Warren, who then claimed title to said premises by virtue of a tax deed held by him upon said premises, and that upon the 7th day of September, 1880, a decree of foreclosure of said mortgage was rendered in said action against said defendants, the amount due said J. H. Warren for taxes and interest under his tax deed was determined, a sale of said premises was ordered, and an order made that the amount due said J. H. Warren be paid out of the proceeds of said sale, as follows:

"I. The costs of suit, then (II) J. H. Warren, and thereafter (III) the plaintiff, and said J. H. Warren was paid accordingly.

"IV. That pursuant to said decree and order said premises were on the 31st day of December sold by the sheriff of said county to one E. P. Weatherby, who was the attorney for plaintiff in said action, for the sum of $825.

"V. That on the —— day of May, 1881, said sale was confirmed by this court and a deed ordered to be made to the purchaser, said E. P. Weatherby, for said premises, and on the 2d day of June, 1881, said deed was made and delivered by the sheriff of said county to said E. P. Weatherby and was by him duly recorded in the office of the county clerk of said county on the —— day of June, 1881.

"VI. That at the time of the commencement of said action for the foreclosure of said mortgage, and at all times thereafter, until long subsequent to said sale and the execution of said sheriff's deed to said E. P. Weatherby, said Ralph Kipp was the owner in fee simple of the said premises and he was not in any manner a party to said foreclosure action and his rights were not in any manner affected by said foreclosure proceedings and sale thereunder.

"VII. That on the 29th day of April, 1884, said Ralph Kipp sold and conveyed said premises by an absolute deed to one Miles T. Alverson, who on the 24th day of June, 1885, sold and conveyed said premises by deed absolute to one Thomas Yule; that on the 4th day of January, 1886, said Thomas Yule for a valuable consideration sold and conveyed said premises by warranty deed to plaintiff, who at the beginning of this action was the *bona fide* purchaser and owner of said premises, and of all the rights, title, and interest of said Ralph Kipp in and to the same.

" VIII. That said judgment of foreclosure and all proceedings thereunder were void as to said Ralph Kipp and his grantees, including this plaintiff, and that plaintiff is entitled to redeem said premises from said mortgage and from said foreclosure sale.

" IX. That the amount now due on said mortgage is the sum of twenty-six hundred and seventy-five dollars ($2,675).

" X. That all the interest which defendants have in and to said premises they obtained and hold under and by virtue of said foreclosure sale and sheriff's deed of said E. P. Weatherby.

"XI. That all the taxes and interest thereon at twelve per cent per annum from the time of payment to this time which has been paid by said defendants and their grantors amount, principal and interest, to the sum of $328.92.

" XII. That plaintiff is now the holder and owner of all of said mortgage by virtue of assignments thereof, duly executed and recorded, from said John A. Van Steenberg and William H. Van Steenberg, to his grantor, said Thomas Yule, except so much of said mortgage as passed to said E. P. Weatherby and his grantees, the defendants, by virtue of said invalid foreclosure sale and proceedings.

"XIII. That the amount of said mortgage to which defendants are entitled by reason of said invalid foreclosure sale and proceedings is the said sum for which said prem-

ises sold, to-wit, the sum of $825, and interest thereon at twelve per cent per annum from the date of said sale, December 31, 1880, and aggregates the sum total of fifteen hundred and thirteen dollars and eighty-seven cents ($1,513.87).

"XIV. That plaintiff is entitled to redeem from said mortgage and from said foreclosure sale by paying into this court for the use of defendants, as their interests may appear, said sum of $328.92, being the taxes and interest paid on said premises by said defendants and their grantors as aforesaid, and also the said sum of fifteen hundred and thirteen dollars and eighty-seven cents ($1,513.87), being the sum for which said premises were sold to said E. P. Weatherby at said foreclosure sale and the interest thereon as aforesaid, amounting in the aggregate to the sum of eighteen hundred and forty-two dollars and seventy-nine cents.

"It is therefore considered, adjudged, and decreed by the court that the said judgment of foreclosure, in the case of John A. Van Steenberg against said A. A. Campbell, administrator, and said J. H. Warren, rendered by this court, the foreclosure sale and all proceedings thereunder were and are null and void, and are hereby vacated, annulled, and set aside, and the plaintiff be and he is hereby permitted to redeem from said mortgage and foreclosure sale by paying into this court for the use of said defendants, as their interests may appear, the sum of $1,842.79, within six months from this date, and that upon the payment of said sum of $1,842.79 into this court as aforesaid by plaintiff, within the time as aforesaid, said plaintiff's title be and the same is hereby quieted and confirmed against said defendants, and each of them, and all persons claiming by, through, or under them, in and to said premises, and each and every part thereof, to-wit, the southeast quarter of section number twelve, in township number twenty-three, of range number five, and the northeast quarter of the

21

northeast quarter and the southwest quarter of the south-west quarter of section number six, and the southwest quarter of the northeast quarter of section number twenty-two, in township twenty-one, range number four, all in said Cuming county, Nebraska. And that said defend-ants, and each and all of them be, and are hereby, forever enjoined from setting up or claiming any right, title, or interest in and to said premises or any part thereof adverse to plaintiff, and that plaintiff recover from defendants the costs of this action.

"It is further considered, adjudged, and decreed that if the plaintiff fails for more than six months from this time to pay into this court for the use of defendants, as aforesaid, the said sum of eighteen hundred and forty-two dollars and seventy-nine cents, as aforesaid, then this ac-tion shall be dismissed, and all the costs thereof taxed to plaintiff. The defendants appeal."

In addition to the facts found by the district court, in its findings of fact, it appears beyond question that on the 10th day of May, 1881, and after the sale to him by the sheriff—but before confirmation and execution of the deed which soon after followed—Weatherby for a valuable con-sideration sold and conveyed by warranty deed to Andrew Graham the southeast quarter of section twelve, in town-ship twenty-three, range five, and that on the 24th day of June, of that year, Graham for the consideration of $1,100 sold and conveyed the same property to defend-ant Wise. Neither of the parties purchasing had any knowledge of any claims upon the land by others, and each purchased in absolute good faith. The land was wild and uncultivated; that soon after Wise's purchase he en-tered into the possession of the property and began improv-ing it, and has remained in open and exclusive possession ever since, cultivating the land as a farm.

While the fact is denied by John A. Van Steenberg in his deposition, in the most direct and positive terms, yet

it is the opinion of the writer that it is conclusively shown that the foreclosure proceedings were instituted by his direction and authority. But whether such was the case we need not now stop to inquire. Mr. Weatherby testified that during the time the foreclosure proceedings were pending he corresponded with said John A. Van Steenberg and the said Van Steenberg was fully aware of the whole matter. He also testified that in 1880 he received a letter from the said Van Steenberg, directing him to accept the deed from Ralph Kipp for the mortgaged property (with other land perhaps) in full satisfaction of the debt and to execute a release of all further claims against the estate of Frank Kipp. This offer was communicated to Ralph Kipp and to Mr. Campbell, the administrator of the estate of Frank Kipp, and was accepted by Kipp, when Kipp and Campbell executed to John A. Van Steenberg a quitclaim deed which we here copy:

"Know all men by these presents, that we, Ralph Kipp, sole heir of Frank Kipp, deceased, and A. A. Campbell, administrator of said Frank Kipp, deceased, as such administrator, and in consideration of the full release and relinquishment by John A. Van Steenberg of all claims and demands by him against the estate of Frank Kipp, deceased, and against the said A. A. Campbell, administrator of said estate, for the payment of two certain promissory notes, made and executed on the 7th day of January, 1874, by the said Frank Kipp during his lifetime, of that date, and delivered to said John A. Van Steenberg for $1,000 each, bearing twelve per cent interest from the date thereof, and made payable to the order of the said John A. Van Steenberg, one thereof in five years, and the other in six years after the date thereof, and for which said Frank Kipp, at the same time with the execution of said note to secure the payment of the same, mortgaged all of the lands and tenements hereby conveyed to the said John A. Van Steenberg, except the west half of the southeast quarter of

section twenty-eight, in township twenty-seven north, of range three west, and a full release of the several judgments and decrees of foreclosure in the district court of the sixth judicial district of Nebraska, for and in the respective counties of Pierce and Stanton, and rendered by the consideration of the said court upon said notes and mortgages, and of all costs that have accrued in foreclosure of said notes and mortgages, and of a release and relinquishment of all claims and demands, of any nature whatever, of the said John A. Van Steenberg, against the estate of said Frank Kipp, deceased, and the administrator of the said decedent's estate, and in full satisfaction thereof do hereby grant, sell, remise, release, and forever quit-claim unto John A. Van Steenberg the following described real estate, to-wit:

"The northeast quarter of the northeast quarter, and the southwest quarter of the southwest quarter, in section number six, in township number twenty-one north, of range number four east, and the southwest quarter of the northeast quarter of section number twenty-two, township number twenty-one north, of range number four east, and the southeast quarter of section number twelve, in township number twenty-three north, of range number five east, all in Cuming county, state of Nebraska.

"And the northwest quarter of section number thirty-four, in township number twenty-three north, range number one east, in Stanton county, state of Nebraska.

"Also the southeast quarter and the northwest quarter of section number twenty-five, in township number twenty-five north, range two west, and the southeast quarter of section thirty-five, township thirty-six north, of range three west, and the south half of the southeast quarter and the east half of the southwest quarter of section eighteen, township twenty-six north, range two west, and west half of the southwest quarter of section twenty-eight, in township twenty-seven north, range three west, situated in Pierce county, state aforesaid.

"Together with all the tenements and hereditaments and appurtenances to the same belonging, and all the estate, right, title, interest, claim, or demand whatsoever of the said Ralph Kipp and A. A. Campbell, administrators aforesaid, of, in, or to the same, or any part thereof. To have and to hold the above described premises with the appurtenances under the said John A. Van Steenberg and to his heirs and assigns for ever.

"Witness our hands and seals this 13th day of December, A. D. 1879.

"RALPH KIPP.   [SEAL.]

"A. A. CAMPBELL, <em>Administrator.</em>

"In presence of

"L. M. HOGAN.

"A. W. RULOFSON.

"STATE OF NEBRASKA, ⎫ ss.
  "CUMING COUNTY,     ⎭

"On this 18th day of February, A. D. 1880, before me, Uriah Bruner, a notary public in and for said county, personally came the above A. A. Campbell, administrator of the estate of the late Frank Kipp, deceased, who is personally known to me to be the identical person whose name is affixed to the above deed as grantor, and acknowledged the instrument to be his voluntary act and deed.

"Witness my hand and notarial seal, date aforesaid.

"[SEAL.]          URIAH BRUNER, <em>Notary Public.</em>

"STATE OF ILLINOIS, ⎫ ss.
  "COUNTY OF ——,    ⎭

"On the 13th day of December, A. D. 1878, before me, A. J. Davis, a notary public in and for said county, personally appeared the above named Ralph Kipp, who is personally known to me to be the identical person whose name is affixed to the above deed as grantor, and acknowledged the instrument to be his voluntary act and deed.

"Witness my hand and seal, date aforesaid.

"[SEAL.]                    A. J. DAVIS,
        "<em>Notary Public, Town of Fremont.</em>"

This deed was filed for record in Pierce county, where part of the land was situated, July 31, 1883, but was not recorded in Cuming county. The original deed was lost, but a copy was offered and received in evidence. As appears by the copy, which was certified by the recorder of Pierce county, the instrument was acknowledged by Campbell on February 18, 1880, and by Kipp on the 13th day of December, "1878," instead of 1879, the date of the deed. The deed could not have been acknowledged on the date named, as it was not then in existence. It also appears that the certificate of acknowledgment by Kipp fails to show the name of the county in which the acknowledgment was made. As the deed of *Kipp*, it was not entitled to record in Pierce county, and not having been recorded in Cuming county, it did not impart constructive notice to any one, of its contents. Not having been entitled to record, the certified copy of the deed could not, perhaps, be received as such. But it was stated by Mr. Weatherby and Mr. Bruner on the witness stand that the copy introduced in evidence was a correct copy of the deed which was actually made and delivered, and there is no doubt of the fact. This would render it competent evidence, without reference to who made the copy, or whether certified or not. It is shown by Mr. Wetherby that he informed John A. Van Steenberg of the proposed settlement; that he received a letter from that gentleman approving of its terms, etc., and directing Mr. Wetherby to accept the deed and execute the release. This letter was exhibited by Wetherby to Campbell and Mr. Bruner as his authority to act in the premises, and they testified positively to the fact. Mr. Campbell was at that time the duly authorized agent of Ralph Kipp, with authority to act for him. Mr. Bruner prepared the deed and sent it to Kipp on the 6th day of December, 1879, accompanied by the following letter:

"WEST POINT, NEB., June 6, 1879.

"*Ralph Kipp, Esq., Fremont:* DEAR SIR—Date and sign the enclosed deed in the presence of two witnesses, who will sign their names below the words "In presence of" and go before a notary public who has a seal, and acknowledge the execution of the same, he (the notary public) date and sign, fill blank left for name of notary and affixed seal, and then forward the same to A. A. Campbell, who will see to it that it will not be delivered until Mr. Van Steenberg has signed and given his full release as mentioned in this deed.     Yours truly, URIAH BRUNER."

The deed was returned signed, and the signature of Ralph Kipp was fully identified.    It was then delivered to Mr. Weatherby, as the attorney for John A. Van Steenberg, and by him recorded in Pierce county, as we have said.   The signature was fully proven upon the trial.

Passing for the present all questions of notice and estoppel, this deed divested Kipp of all title to, or interest in, the land in question.   He had no title which could be subsequently conveyed, and subject to the rights of Wetherby, acquired under the purchase of sheriff's sale, the receipt of the deed by John A. Van Steenberg canceled his mortgage as against Kipp and the whole title became merged in him. So far as he was concerned the mortgage was satisfied.   On the 29th day of April, 1884, Ralph Kipp for the consideration of $50 executed to Alverson a quit-claim deed to all the property described in the mortgage.   Alverson had no interest in the property.   The purchase money was paid by Smith and Yule and the title taken in Alverson's name, who was a non-resident, for the purpose of bringing the suit in the United States circuit court.   At this time Wise was in possession of the land, and had been for some two and one-half years.   On the 24th day of June, 1885, Alverson conveyed to Yule by a quit-claim — or rather a special warranty — deed, and on the 4th day of January, 1886, Yule conveyed to the plaintiff.   All the grantees,

from Kipp to and including plaintiff, were charged with notice of Wise's possession and his right and equity thereunder. It might also be observed that the assignment of · the mortgage of John A. Van Steenberg to W. H. Van Steenberg was acknowledged on the 14th day of January, 1884, four years after the receipt by John A. Van Steenberg, through his attorney, of the deed from Kipp.

Under these circumstances, with whom are the stronger equities? To our mind, most clearly with Wise.

But it is contended that Wise's possession gave no notice to plaintiff or his grantor of any other right than such as grew out of the conveyance from Graham, and which was based upon Weatherby's sheriff's deed. That the deed under which he claimed, being of record, plaintiff would be required to look no further. While this may be the rule, where the parties are each acting in good faith, their equities being otherwise equal, yet we cannot see that it should be applied to this case. The chain of plaintiff's title shows upon its face that Kipp had made a quit-claim deed to Alverson for the consideration of $50, a fraction under five cents per acre for the land. That the deed from Alverson to Yule was little better than a quit claim. (*Comstock v. Smith*, 13 Pick., 116; *Rodgers v. Burchard*, 34 Tex., 462; *Bogy v. Shoab*, 13 Mo., 380; *Oliver v. Pratt*, 3 How., 410.) By it two hundred and eighty acres were conveyed for the express consideration of $1,000, and for which no actual consideration was paid. ˎ And it is not shown anywhere by the testimony of Buchanan — he not being a witness in the case — that his purchase was made in good faith, for value, and without notice. To warrant the action as a *bona fide* purchase it must appear that the purchase was so made, and for a valuable consideration, by proof outside and independently of the recital in the deed, and without notice of the adverse claims, either actual or constructive. (*Harrison v. Boring*, 44 Tex., 255; *Hume v. Franzen*, 73 Ia, 25; *Savage v. Hazard*, 11 Neb., 323.)

As against defendant Wise, we are unable to see any real ground, either legal or equitable, upon which the decree of the district court can stand.

So far as the case against Graham and Richards and Keene is concerned, the element of possession is wanting, the cases being similar in other respects, and their equities are not so great. The fact that there was no consideration shown by plaintiff as having been paid for the conveyance to him from Yule would prevent a recovery, and so far as they are concerned the case must be deemed to have failed for want of sufficient evidence to sustain the decree. In addition to the authorities above cited upon this point, see *Hume v. Franzen*, 73 Ia., 25; *Rush v. Mitchell*, 32 N. W. Rep., 367; *Lakin v. Sierra Gold Mining Co.*, 25 Fed. Rep., 337.

While it is the opinion of the writer that the foreclosure proceedings in the case of *John A. Van Steenberg v. Kipp* were not void, yet it is not deemed necessary to discuss that part of the case.

The judgment of the district court is reversed and the cause dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.