JAMES MYERS v. JOHN BEALER.

[FILED SEPTEMBER 17, 1890.]

1. **Pleading.** When the facts constituting a cause of action or defense are stated in a pleading as a matter of information and belief, and not positively, an objection to this mode of statement cannot be raised by demurrer, nor by objecting to the introduc-

tion of testimony at the trial. The objection can only be taken by motion. (*Stoutenburg v. Lybrand et al.*, 13 O. St., 228.)

2. **Negotiable Instruments:** EQUITABLE DEFENSE: NOTICE. Where a purchaser of negotiable paper, before maturity, takes it with knowledge of facts which impeach its validity between antecedent parties, or with a belief based upon circumstances brought to his knowledge before the purchase that the maker had a defense to the note, such purchaser is not an innocent holder, and the paper is subject to the defenses existing between the maker and payee.

3. **Evidence:** SUBSTITUTION. Before the contents of a written instrument can be established by oral testimony, the loss of the instrument must be accounted for.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*R. W. Sabin*, for plaintiff in error, cited: Maxwell, Pl. & Pr. [2d Ed.], 71; *Harden v. R. Co.*, 4 Neb., 523; *Hanson v. Lehman*, 18 Id., 564; *Sch. Dist. v. Shoemaker*, 5 Id., 36; *Dillon v. Russell*, Id., 484; *Smith v. Columbus State Bank*, 9 Id., 31; *Dobbins v. Oberman*, 17 Id., 163; *Johnson v. Way*, 27 O. St., 374; *Smith v. Livingston*, 111 Mass., 345; *Murray v. Lardner*, 2 Wall. [U. S.], 110; *Knowlton v. Parsons*, 10 Neb., 502; *Organ Co. v. Boyle*, Id., 409.

*Pemberton & Bush*, contra, cited: *Stoutenburg v. Lybrand*, 13 O. St., 228; *Bennett v. Leeds Mfg. Co.*, 110 N. Y., 150; Maxwell, Pl. & Pr. [2d Ed.], 355; Pom., Remedies, sec. 552 and note; *Treadwell v. Com'rs*, 11 O. St., 187; *Tod v. Wick*, 36 Id., 370; *Lay v. Wissman*, 36 Ia., 305; *Murray v. Beckwith*, 48 Ill., 391; *Dobbins v. Oberman*, 17 Neb., 163.

NORVAL, J.

This action was brought upon a promissory note of $164, given by John Bealer, payable to the order of the Standard Machine Company and by it indorsed to the plaintiff.

The answer filed by the defendant in the lower court admits the execution of the note, and alleges that it was given for the purchase price of a mill and grinder of the Standard Machine Company's manufacture; that at the time of the purchase, and before the execution of the note, the company warranted the said mill and grinder; that the same was durable and would do the best of work; that the defendant, relying upon said representation, purchased said mill and grinder of said machine company, and made and delivered the note in question upon the sole consideration of said warranty.

The defendant further alleges that the said mill and grinder was not durable and would not do the best kind of work, which the said machine company well knew at the time of the sale of the same; that the said mill and grinder was of no value whatever, and the defendant has received no consideration for said note.

The defendant further answering said petition alleges, upon information and belief, that the plaintiff purchased said note after the same had become due, and with full knowledge of defendant's rights in said matter, and with full knowledge of the warranty and the breach of the same. All the allegations of the answer were denied by the reply. Upon a trial of the issues joined, to a jury, a verdict was returned for the defendant.

At the commencement of the trial the plaintiff objected to the defendant introducing any testimony because the answer did not state sufficient facts to constitute a defense. The objection being overruled, an exception was noted and the testimony was received. The ruling is made the basis of the seventh assignment in the petition in error, but being the first error in point of time of occurrence, it will be first noticed. The point is made, that the allegations of the answer relating to the purchase of the note by the plaintiff are stated as from information and belief and not positively. This objection goes to the form of the answer

and not to the substance and can be reached only by motion. Doubtless the plaintiff upon motion might have had stricken from the answer, as redundant, the words " upon information and belief." Had the objectionable words been omitted, the allegations of the answer would have been complete. The usual and proper mode is for the party pleading to state the facts constituting his cause of action or defense positively, yet if the pleading should state that the allegations are made from belief, it will not be sufficient grounds for demurrer or the exclusion of evidence at the trial. (*Stoutenburg v. Lybrand et al.*, 13 O. St., 228 ; *Treadwell v. Commissioners*, 11 Id., 183.)

The next point discussed in the brief is, that the verdict is not sustained by sufficient evidence and is contrary to law. It is fully established by the testimony that the note sued upon was given for a corn sheller and grinder bought of the payee named in the note, and that the machine was warranted to the defendant. There is evidence tending to show that the warranty has failed. The material question is, Did the plaintiff purchase the note before maturity in the usual course of business, without notice of the equities of the defendant? The note was given September the 2d, 1884, and payable eight months after date. The plaintiff testified that he bought the note of the Standard Machine Company on the 20th day of October, 1884, paying therefor $130. He claims to have made the payment by a draft drawn by himself as cashier of the First Commercial Bank of Odell, Nebraska, on the First National Bank of New York city. The draft was put in evidence at the trial. A copy is in the bill of exceptions, containing the indorsement of the Standard Machine Company and the Cleveland National Bank of Cleveland, Ohio. The plaintiff further testified that when he bought the note he did not know what it was given for, or that there was any defense to the note.

The defendant testified that he had a conversation with

the plaintiff in February, after the note was given, while the note was in the plaintiff's possession, and that he told Myers that the machine was worthless, and that the plaintiff replied, "he hadn't a dollar in the note; that it was there for collection." The defendant further testified that he called upon the plaintiff about the note shortly after it fell due, and in the conversation Myers said he didn't own it; only had it for collection.

Q. Do you know what he done with the note then, with reference to whether he retained it there or sent it back to the machine company?

A. The next I heard of it when I went into the office and asked about it about the time it was due, he said "the company ordered it out of his hands," and Sabin notified me he had it for collection. I came to Beatrice to see him.

J. K. Langdon testified that in the fall of 1884, or early in 1885, the plaintiff gave him the note to sell, and told him that the Standard Machine Company was the owner of the note; that while the witness had the note in his possession, he learned that Bealer was not satisfied with the working of the machine, which information he states he conveyed to the plaintiff.

James Myers, the plaintiff, admitted, when upon the witness stand, that the defendant, after the maturity of the note, called at the bank, of which the plaintiff was cashier, and that plaintiff told the defendant that when he gave Langdon the note, it belonged to the Standard Machine Company, and that he bought the note while it was yet in Langdon's hands. The plaintiff denies that he told the defendant that he did not own the note.

If it be true that the plaintiff informed the defendant in February, before the maturity of the note, that he held it for collection and did not own it, and that the defendant then informed the plaintiff that the note was given for a grinder and mill and that it was worthless, then if the

plaintiff ever purchased the note, he did so with knowledge of the defense existing against it. The testimony justified the jury in finding that the plaintiff was not an innocent holder for value, and that the machine was worthless. If the plaintiff actually purchased the note in October, before it fell due, as he contends, he was very unfortunate in stating to the defendant afterwards that "he did not have a dollar in the note; that it was there for collection."

It is claimed that the court erred in giving paragraphs 1 and 2 of the instructions requested by the defendant. They are as follows:

"1. If the jury believe from the evidence that the plaintiff, before he purchased the note sued on in this action, knew, or, as an ordinarily prudent man, had reason to believe from circumstances brought to his knowledge before he purchased it, that the defendant had, or claimed to have, a defense to the note, or to some part of it, then the plaintiff is not an innocent holder of said note.

"2. The jury are further instructed, that if they believe from the evidence that the plaintiff is not an innocent holder of the note sued on in this action, as explained in these instructions, then the defendant is entitled to set up the same defense to it that he could have set up if suit had been brought by the payee of said note."

It is claimed by the plaintiff in error that the first instruction in effect informed the jury that if the plaintiff purchased the note under circumstances which would excite suspicion in the mind of a prudent man, he was not an innocent holder. If the language of the instruction is capable of such a construction, it should not have been given, for, as said by the court in *Murray v. Lardner*, 2 Wall., 110: "Suspicion of defect of title, or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or gross neglect on the part of the taker at the time of the transfer, will not defeat his title. That result can be produced only by bad faith on his part." It

may be observed that the element of suspicion is not included in the instruction. On the other hand, the jury were told, in effect, that to impeach the plaintiff's title the circumstances brought to the plaintiff's knowledge before he purchased the note must have been of such a character as to cause a prudent man to believe that the defendant had or claimed a defense to the note. The law is when a purchaser of negotiable paper takes it under circumstances showing bad faith, or without knowledge that the maker has or claims a defense to the paper, the holder is not an innocent purchaser. (*Dobbins v. Oberman*, 17 Neb., 163, *Johnson v. Way*, 27 O. St., 374.)

It is contended that there is no evidence in the record tending to show that the plaintiff had any knowledge, or reason to believe from circumstances brought to his knowledge before he purchased the note, of any warranty, or of any breach of the same. Counsel for plaintiff in error assume that it is conclusively proven that the note was purchased October 20, 1884. While the plaintiff so testifies, he is contradicted, as we have already shown by the testimony of the defendant. Besides, the plaintiff's testimony as to the date of the purchase is very much weakened by his admission made to the defendant after the maturity of the note, that he then held it for collection. The plaintiff admits that at that time he knew that the defendant claimed to have a defense against the note. We find sufficient testimony in the bill of exceptions upon which to base the first instruction. The second instruction was properly given. The rule undoubtedly is that when a suit is brought upon a note by one not an innocent holder, the maker can urge the same defense thereto that he could have made if the suit had been brought by the payee. This proposition is so firmly settled as not to require the citation of authorities.

It is conceded that the warranty made upon the machine, for which the note in suit was given, was in writing. The

Myers v. Bealer.

defendant was permitted to testify as to the contents of this writing. This is made the basis of the 8th assignment of error. The question is, Was the loss of the instrument properly accounted for, so as to make competent oral testimony of its contents? The record shows that on the trial of the cause in the county court the warranty was introduced in evidence, and after the trial it was left in the custody of the county judge. To account for the loss of the papers J. N. Bush was called and sworn, and testified as follows: "In regard to the warranty, I would state that it was introduced in evidence as an exhibit there on the other trial, and I have been unable, since the trial of the case in the county, to find any exhibits in the case—I mean the papers in the lower court; had the county judge search for them; I have been through all the papers there and have been unable to find any papers or exhibits we had. The other papers I found in Sabin's office; our exhibits I have been unable to find."

The foregoing is all the testimony in the case explaining the failure to produce the original warranty. It does not appear that the paper is not in existence. It was left with the county judge and he was not called to testify what search, if any, he had made for the missing paper.

For all that appears from this record, it is where the county judge can place his hands upon it at any time. The person in whose custody the paper was left should have been called to establish that it was lost, before receiving oral testimony of its contents. For this error the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

THE other judges concur.