WILLIAM W. BUCHANAN, APPELLEE, v. SIMEON P. WISE ET AL., APPELLANTS.

[FILED MAY 18, 1892]

1. **Evidence: DEEDS: WITNESSES.** One who has assisted in searching in the office of the county clerk, under the direction of the latter, for a deed left therein for record is a competent witness to prove the loss of such deed in order to lay a foundation for secondary evidence thereof. It is not necessary in such case to call the clerk in order to establish the loss of the deed *prima facie.*

2. ———: ———: ———: **ABSENCE.** When attesting witnesses are absent from the county in which the action is pending, the execution of the instruments in question may be proved by any other competent evidence.

3. ———: ———: ———: ———. The absence of the attesting witnesses in such a case may be established like any other facts. It is sufficient to prove facts from which a presumption will arise that they are absent from the county.

REHEARING of case reported 28 Neb., 310.

*C. C. McNish,* and *M. McLaughlin,* for appellants Graham, Richards, and Keene:

A sufficient foundation was laid for the introduction of secondary evidence to prove the execution of the deed (*Lee v. Bermingham,* 30 Kan., 312; *Johnson v. Mathews,*

5 Id., 123, 124; *Douglas v. Wolf*, 6 Id., 92), and that the clerk of Pierce county was not within the jurisdiction of the court which tried this case. (*McNichols v. Wilson*, 42 Ia., 385.) If an inspection of the whole instrument will enable the place where the acknowledgment was taken to be ascertained, it is sufficient. (1 Devlin, Deeds, sec. 482; *Brooks v. Chaplin*, 23 Am. Dec. [Vt.], 209; *Fuhrman v. London*, 15 Am. Dec. [Pa.], 608; *Chiniquy v. Bishop of Chicago*, 41 Ill., 148.) An acknowledgment is no constituent part of a conveyance. (*Dougherty v. Randall*, 3 Mich., 584; *Burbank v. Ellis*, 7 Neb., 156; *Galley v. Galley*, 14 Id., 174.) Appellant and those under whom he claims, knew that somebody's rights were to be sacrificed when they accepted the quitclaim deed from Kipp. (2 Devlin, Deeds, sec. 733; *Hoppin v. Doty*, 25 Wis., 573, 591; *Peabody v. Fenton*, 3 Barb. Ch. [N. Y.], 451; *Eck v. Hatcher*, 58 Mo., 235; *Hume v. Franzen*, 34 N. W. Rep. [Ia.], 490.) One who takes under a quitclaim deed will not be regarded as a *bona fide* purchaser. (Warvelle, Abstracts, 195–6; *Snowden v. Tyler*, 21 Neb., 199; *Pastel v. Palmer*, 32 N. W. Rep. [Ia.], 257; *Gest v. Packwood*, 34 Fed. Rep. [Ore.], 368; *Wightman v. Spofford*, 56 Ia., 145; *Raymond v. Morrison*, 59 Ia., 371; *Oliver v. Piatt*, 3 How. [U. S.], 333; *Dickerson v. Colgrove*, 100 U. S., 587; *May v. Le Clair*, 11 Wall. [U. S.], 217.)

*N. H. Bell*, for appellant Wise:

The witnesses had their domicile in Illinois and must be presumed to have remained in that state. (*Donahue v. Coleman*, 49 Conn., 464; *Greenfield v. Camden*, 74 Me., 56; *Prather v. Palmer*, 4 Ark., 456; *Daniels v. Hamilton*, 52 Ala., 105; *Goldie v. McDonald*, 78 Ill., 605; *Brown v. Burnham*, 28 Me., 38.) The recital in the deed, of payment of the purchase money, is not evidence thereof as to appellant or any stranger to the deed. (*Sillyman v. King*, 36 Ia., 207; *Hogden v. Green*, 56 Id., 733; *Lane v. Starkey*,

15 Neb., 289; *Long v. Dollarhide*, 24 Cal., 218; 1 Am. Lead. Cas. [4th Ed.], 53; *Battle v. Jones*, 2 Ala., 314; *Boone v. Chiles*, 10 Pet. [U. S.], 177; *Clements v. Moore*, 6 Wall. [U. S.], 299.)

*Pemberton & Bush, J. A. Smith,* and *N. K. Griggs, contra:*

Where a deed or other instrument in writing is attested the attesting witness must be produced at the trial to prove it, or his absence sufficiently accounted for. (1 Greenl., Ev., sec. 569; 1 Whart., Ev., secs. 726, 727; 1 Best, Ev., sec. 220; 2 Phillips, Ev., 459; *Cook v. Woodrow*, 5 Cranch [U. S.], 13; *Clark v. Courtney*, 5 Pet. [U. S.], 319, 344; *Stebbins v. Duncan*, 108 U. S., 32; *Fox v. Reil*, 3 Johns. [N. Y.], 477; *Henry v. Bishop*, 2 Wend. [N. Y.], 575; *Rex v. Harrington*, 4 M. & S. [Eng.], 353; *Russell v. Walker*, 73 Ala, 315.) Where witnesses actually subscribe a deed, even though their signature is not required by law, their testimony is the best evidence of its execution and must be produced. (*Miller v. Metzer*, 16 Ill., 390; *Wiley v. Bean*, 1 Gilm. [Ill.], 302; *Hartford Life Ins. Co. v. Gray*, 80 Ill., 28; *McDeed v. McDeed*, 67 Ill., 545; *Smith v. Potter*, 65 Am. Dec. [Vt.], 198; *Ennis v. Smith*, 14 How. [U. S.], 400.) The loss of the original deed was not proved so as to entitle defendants to introduce secondary evidence of its contents. (*Meyers v. Bealer*, 30 Neb., 280; 1 Greenl., Ev., sec. 558; *Post v. School Dist.*, 19 Neb., 135; *Murphy v. Lyons*, Id., 689.)

POST, J.

This case was before the court at the September, 1889, term, when judgment was entered reversing the decree of the district court of Cuming county in favor of appellee. (See 28 Neb., 312.) Subsequently a rehearing was allowed and the case again submitted for our consideration.

The facts essential to a determination of the questions presented on the rehearing are fully set out in the opinion

of the court cited above.   It is not necessary at this time
to consider all of the questions argued on the first hearing,
since there are but two propositions to which prominence
is given in the brief of appellee.    It should be stated as
preliminary to a consideration of the questions presented
that the pertinent inquiries are, first, Did Ralph Kipp have
the legal title to the land in controversy on the 29th day
of April, 1884, at the time he executed a deed  therefor to
Alverson, through whom appellee claims; and, second, If
said Kipp had previously conveyed said land to John A.
Van Steenberg, as contended by appellants, are the equities
of appellee superior to those of appellants?   It is con-
tended by appellee that there is no competent proof of a
conveyance of the land to Van Steenberg by Ralph Kipp,
first, because the subscribing witnesses were not called for
the purpose of proving the execution of the deed; second,
because the loss of the original is not proved, and there
is no sufficient foundation for the admission in evidence
of the copy thereof found in the record.    We will examine
the last named objection first.

Mr. Weatherby, to whom the deed was delivered and
who was Van Steenberg's agent and attorney, testified that
he left it for record in Pierce county, in 1881 or 1882,
which statement is corroborated by the fact that it was
recorded in that county.   The witness further testifies as
follows:

After this question arose here in this county over the
land, I received a request for that deed and then I com-
menced looking for it, and I looked through all of my
papers and remembered that I had taken it to have it re-
corded; and I went to the clerk's office and asked him if he
had it there, but he said he could not find it there.

Q. Did he make search for it?

A. Yes, sir.  He made search, and a very diligent
search, in his office for it but could not find it, and we have
not, either of us, since been able to find it.

Q. In making this search that you have spoken of among your papers would you have found it if it had been there?

A. Yes, sir.  I kept all deeds and instruments of that kind safely by themselves, in my safe, and I searched there where I ordinarily kept them and didn't find them, and then I searched in other places.

Q. You searched where it would have been found if it had been in your possession?

A. Yes, sir.

Q. You then called on the clerk for it?

A. I then went to the clerk and spoke to him about the deed and he examined the records and found that he had recorded it, and I told him that I had not had the deed since he had recorded it, and wished he would get it for me.

Q. Are you sure that you never got the deed from the office, or saw it in any manner after you took it there to be recorded?

A. I am.  *  *  *  The clerk and I both searched for it but it could not be found.  If it was not in the clerk's office then it would have been in mine, unless some one removed it from there without authority from me.

Q. So you know personally that the clerk searched for it?

A. I was there present when the clerk searched for the deed.

In addition to the foregoing it appears that Van Steenberg, the alleged grantee, therein disclaims any knowledge of the conveyance and testified that if any such deed was ever executed it was without his knowledge or consent. Although the witness is evidently mistaken when he denies knowledge of the conveyance, we think his testimony taken in connection with that of Weatherby establishes a foundation for the introduction of the copy of the deed.

There is a plain distinction between this case and the case of *Meyers v. Bealer*, 30 Neb., 280, on which appellee relies.  The paper in that case was an exhibit which

had been used at the trial of the case in the county court. The witness testified, in substance, that the county judge had searched for it and he (witness) had been through all the papers there and had been unable to find it. Judge NORVAL in the opinion says: "He [the county judge] was not called to testify to what search he had made for the missing paper. For all that appears from the record it is where the county judge can place his hand upon it at any time." We do not understand the writer to intimate that in no case can the loss of such an instrument be proved otherwise than by the testimony of the officer in whose custody it was left, but that there was no sufficient proof of loss in that particular case. It is apparent that there was no sufficient foundation in that case, since, as the judge well says, it does not appear that the county judge cannot produce the paper. In this case the witness was present and personally assisted in making the search in the clerk's office for the deed. His testimony is competent and *prima facie* proves that the deed is not in the custody of the clerk. (1 Greenleaf on Evidence, sec. 558; Taylor on Evidence, sec. 431; *Jackson v. Schuyler*, 4 Wend. [N. Y.], 543.) In that case, which is directly in point, the witness had made search in the surrogate's office for the lost will, under the direction of the surrogate. It is said by the court: "The search of Mr. Green might be equally effectual as that of the surrogate, and where the fact is to be proved by oral testimony his oath must be equally satisfactory with that of the surrogate, provided he has had an equal opportunity to ascertain the fact which he was called to prove." The witness also searched among his own papers and the grantee, Van Steenberg, testified that he never saw it—in fact that he had no knowledge whatever of its execution. The law raises no presumption of possession by any person other than the grantee. The foundation therefor is sufficient and the copy is admissible in evidence on proof of the execution of the original.

The remaining question is whether it is necessary to call the attesting witnesses in order to prove the execution of the deed in question by Ralph Kipp. There is no room for doubt, so far as the general rule is concerned. All writers agree that the rule of evidence requires the production at the trial of an attesting witness, unless his absence is satisfactorily explained. This rule, however, has been materially modified by statute in this state. It is provided by section 343 of the Code, " When a subscribing witness is absent from the county in which the action is pending, denies or does not recall the execution of the instrument to which his name is subscribed as such witness, its execution may be proved by other evidence." Were the witnesses absent from the county? The deed was executed in the state of Illinois on the 13th day of December, 1879, and purports to have been signed by L. M. Hogan and A. W. Rulofson as attesting witnesses. On the trial Mr. Campbell, a witness for appellants, testified that he had resided in Cuming county more than nineteen years and was well acquainted with the people of the county. Referring to the subscribing witnesses he is asked :

Q. Did those persons reside in this county?

A. No, sir; not that I know of."

Q. Do they now?

A. No, sir.

On cross-examination he testified that the witnesses named might reside in the county, but that he had never heard of them or either of them. Appellants were required to make *prima facie* proof only of the absence of the witnesses from the county. This we think they have done. The fact that the deed was witnessed by them in the state of Illinois may not be sufficient of itself to raise a presumption of residence in that state, although it is said in 5 Am. & Eng. Ency. of Law, p. 870, that "A person's presence in a place is presumptive evidence of domicile," and in *People v. Hadden*, 3 Denio [N. Y], 220, the foregoing rule

is expressly approved. From that fact, in connection with the testimony of Campbell, we think the presumption is that their residence or domicile was in Illinois. A residence having been once acquired is presumed to continue until the contrary is shown. This is elementary and requires no citation of authorities. The residence of the witnesses to the deed being in a distant state, the presumption is that they were not within the jurisdiction of the trial court. It is sufficient to show that a witness is presumptively absent in order to use his deposition. (*Patterson v. Wabash R. Co.*, 54 Mich., 91; *Bronner v. Frauenthal*, 37 N. Y., 166.) This case does not differ in principle from the cases cited. It was competent and proper for the appellants to prove the execution of the deed by Ralph Kipp by other evidence. This they have done by evidence which is not only competent, but of the most satisfactory and convincing character. The effect of the deed in question was to convey the legal title to the land to Van Steenberg. To recover as against appellants, therefore, appellee must show superior equities in himself. In this he has failed. It must be remembered in this connection that the appellee does not show any privity with Van Steenberg. He relies on the deed from Kipp alone. Alverson, to whom Kipp subsequently conveyed, was a mere trustee for Smith and Yule. He subsequently conveyed to Yule, who in turn conveyed to plaintiff. There is no claim of appellee that he is a *bona fide* purchaser without notice of the equities of appellants. He relies on his legal title only. He must fail, therefore, without regard to the character of the title of appellants.

REVERSED AND REMANDED.

THE other judges concur.