FRED .W. GRAY, APPELLANT, v. GEORGE ELBLING ET AL., APPELLEES.

[FILED SEPTEMBER 28, 1892.]

1. **Bill of Exceptions:** TIME FOR ALLOWANCE: SIGNED BY JUDGE AFTER TIME EXPIRED. Upon the facts shown by the record it does not appear that there was an order extending the time to prepare a bill of exceptions or application for an extension of time. There was no authority, therefore, for the judge to sign the bill, and a motion to quash is well taken.

2. **Pleadings.** Upon the issues made by the pleadings the plaintiff is entitled to judgment.

3. ———: DEFECTIVE ANSWER. An answer in effect that the defendant is not indebted the full amount claimed in the petition is not a denial of any fact on which the right to recover depends and raises no issue.

APPEAL from the district court for Saunders county. Heard below before MARSHALL, J.

*Frank Dean,* for appellant.

*Geo. W. Simpson, contra.*

MAXWELL, CH. J.

This action was brought by the plaintiff against George Elbling to foreclose a mechanic's lien on lots 9 and 10, in block 20, in the County Addition to Wahoo. On the trial of the cause the court found the issues in favor of the defendant and dismissed the action. It appears from the affidavits on file that the action was submitted to the court in July, 1890, and taken under advisement; that on the 16th day of August of that year a decision was rendered.

It is claimed on behalf of the plaintiff that the time in which to prepare a bill of exceptions was extended forty days from the adjournment of the court *sine die,* and the affidavits of the plaintiff's attorney, and also of the clerk of the court, are filed in support of that contention. On the other hand, the defendant and his attorney both swear that there was no such extension of time. The district judge overruled the motion to correct the record to show such extension—in effect holding that no order extending the time had been made. He signed the bill of exceptions, however, on the 8th day of October, 1890, and within the time which he was authorized to grant an extension of time and sign the bill. It would seem to be proper, where any reasonable excuse is given for the failure to present the bill within the time limited by the order of the court, but within the limit fixed by law to which it may be ex-

tended, for the judge to make an order extending the time and thereupon sign the bill if correct; and if he refused to extend the time, to refuse also to sign the bill. Such refusal would make a direct issue as to the right of the party presenting the bill to have the same authenticated without the delay and expense incident to docketing the cause in this court to be here determined whether or not the judge had authority to sign the bill. If such authority existed the manner of its exercise ordinarily could not be called in question. The law in relation to the preparation and signing of bills of exceptions is remedial in its nature and should be liberally construed. This rule prevails in some of the common law states and is fundamental under the Code. The judge, by overruling the motion to enter the alleged order extending the time to forty days from the rising of the court, in effect held that no such order had been made, and it does not appear that there was any cause whatever for the delay. The bill was signed, therefore, without authority, and the motion to quash the same is sustained.

On the face of the pleadings, however, it is apparent that the judgment is wrong and cannot be sustained. The petition is as follows, omitting the title:

"The plaintiff complains of the defendant George Elbling for that on or about the 21st day of April, 1887, plaintiff entered into a verbal contract with the defendant George Elbling to furnish to him building material for the erection of a dwelling house on lots 9 and 10 in block 20, County Addition to Wahoo, Nebraska, the city of Wahoo, Saunders county, state of Nebraska. In pursuance of said contract plaintiff furnished to said defendant George Elbling building material, consisting of doors, windows, shingles, lumber, lime, etc., an itemized account of the same, with credits and offsets, being set out in the mechanic's lien filed and recorded in the clerk's office in said county, and a copy of which is attached hereto and made a part hereof,

for the erection of said dwelling house, said material being furnished on and between the 21st day of April, 1887, and the 8th day of July, 1887, amounting to the sum of $311; that on the 20th day of April, 1887, said defendant George Elbling paid to said plaintiff the sum of $60, and on the 7th day of May, 1887, said defendant George Elbling returned windows, and for which said plaintiff gave him credit for $16.20, and on the 18th day of May for shingles returned said plaintiff gave him, said George Elbling, credit for 81 cents, amounting in the aggregate to the sum of $77.01, leaving a balance due in favor of said plaintiff amounting to the sum of $233.99.

"The defendant George Elbling at the time plaintiff furnished said material was the owner in fee of said lot.

"That on the 8th day of November, 1887, and within four months from the time and of furnishing said material the plaintiff made an itemized account in writing of said material furnished the defendant George Elbling, under said contract, together with all credits and offsets, and after making oath thereto as required by law, filed the same in the clerk's office of Saunders county and claimed a mechanic's lien therefor upon said lots and the buildings thereon for the sum of $233.99, with interest at ten per cent per annum from the 8th day of November, 1887. The sum of $233.99 with interest at ten per cent per annum from the 8th day of November, 1887, now remains due and unpaid on said account.

"That the defendants Anna Elbling and Theodore G. Dockstader have or claim some lien or interest in said premises, but plaintiff avers that the same is subordinate to plaintiff's claim, and plaintiff asks that they be compelled to set the same up, or be forever cut off from asserting the same.

"Plaintiff therefore prays judgment against the defendant George Elbling for the sum of $233.99, with interest at ten per cent per annum from the 8th day of November,

1887, and costs of suit, and that said premises may be sold and the proceeds thereof applied to the payment of said judgment, interest, and costs, and for such other and further relief as may be just and equitable."

To this Elbling answered as follows:

"The defendant George Elbling, for his separate answer to the petition of plaintiff, says: He admits buying certain lumber and building material from Fred W. Gray, plaintiff herein, in the year 1887; admits making payments on account of said purchase to the amount of $77.01.

"This defendant denies that plaintiff, within four months of the furnishing of the material mentioned and set forth in his petition, made an itemized account in writing of the same as required by law and filed the same with the clerk of Saunders county, Nebraska; denies that plaintiff has any lien upon lots 9 and 10, block 20, in the original town of Wahoo, and denies that plaintiff has any lien upon the property of this answering defendant.

"This defendant admits that he is indebted to the plaintiff, on account of lumber and building material sold by plaintiff to this defendant, but denies that the balance due plaintiff amounts to the sum of $233.99.

"This defendant admits that Anna Elbling and Theodore G. Dockstader have an interest in and to the premises of this defendant, and this defendant denies each and every allegation in plaintiff's petition not herein specifically admitted.

"The defendant further says the pretended mechanic's lien set out by plaintiff was not filed within four months of the furnishing the material to the defendant to construct a house, and that the last item of said account was by the defendant brought long after the material for the construction of his house was furnished; that the same, the two screens, were not included in any estimate or bill of material furnished to or ordered by this defendant for the construction of a dwelling house."

The reply is a general denial.

An itemized copy of the account is made a part of the petition and need not be copied here, as there is no dispute as to the items in the account having been received ·by Elbling, nor that the first item was furnished April 21, 1890, and the last July 8 of that year, or that these mate- · rials were furnished under a verbal contract for the erection of said house.  Elbling in his answer "admits buying certain lumber and building material from Fred W. Gray, plaintiff herein, in the year 1887; admits making payments. on account of said purchase to the amount of $77.01." He "denies that the plaintiff filed his mechanic's lien within four months, because the last item was a disconnected transaction." There is no allegation in either the petition or answer that an estimate was made and any of the material furnished thereunder.  So far as the pleadings show there was a verbal contract to furnish material to build a house; in effect, that the defendant procured all or a considerable part of the material to be used in the erection of his house from the plaintiff.  Some of that furnished was taken back and Elbling received credit therefor.

An examination of the account shows that all through the latter part of May and the month of June, 1890, material was furnished from a week to ten days apart.  Thus, May 28, 1890, is an item for lumber; June 8 are two items for lumber; June 15 are four items of lumber; June 21 are three items.  The next item is July 8, for screen doors.  These would naturally be put on about the time the house was completed, and, so far as appears, the account had been kept open up to this time.  The screen doors were furnished for the house, and, so far as appears, were placed thereon, and this court has no right to assume that there were separate contracts when the defendant has stated no facts showing such to be the case.

The same question was raised directly by a sufficient answer in *Ballou v. Black*, 17 Neb., 389.  In that case

"the lumber furnished by plaintiff for the erection of defendant's building was delivered in five parcels of nearly equal value: one on the 12th, one on the 14th, one on the 17th, one on the 20th, and one on the 28th days of September, and the sworn statement for lien was filed for record on the 25th day of November of the same year; held, that the same constituted but one delivery, and that the lien was filed in due time to cover the whole." It is said (p. 396) "The time within which the whole of the lumber was delivered, according to the plaintiff's bill, was reasonable, and as to time should be treated as one delivery." This case was adhered to in *Ballou v. Black*, 21 Neb., 131. The rule stated in these cases seems equally as applicable in the case at bar.

The defendant Elbling denies that he is indebted to the plaintiff in the full amount claimed in the petition, but admits he is indebted to him. How much less he is indebted he does not state. The smallest fraction of one cent less than the amount claimed would sustain that defense, if defense it may be called. It is well settled under the Code that the plea of *nil debet* is not sufficient, as it puts in issue no fact. (*Wells v. McPike*, 21 Cal., 215; *Seeley v. Engell*, 17 Barb. [N. Y.], 530; *Drake v. Cockroft*, 4 E. D. Smith [N. Y.], 34; Maxwell, Code Pl., 393.) Under the issues as presented, therefore, the plaintiff is entitled to judgment for the full amount of his claim, and to the foreclosure of his lien upon the property.

There is a denial in the answer that the plaintiff's lien attaches to "lots 9 and 10, in block 20, in the original town of Wahoo." The plaintiff has made no claim of that kind and the answer does not meet the averments of the petition. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.