Baldwin v. Burt.

---

EUNICE BALDWIN, APPELLANT, V. WELLINGTON R. BURT ET AL., APPELLEES.

FILED JANUARY 3, 1895.    No. 5797.

1. **Secondary Evidence:** FOUNDATION FOR .INTRODUCTION. Courts have not attempted to define the precise degree of dili-

gence essential in attempting to procure the primary evidence of a material fact in order to establish the foundation for secondary evidence. But it is sufficient, as a rule, if the party offering such proof has exhausted all the sources and means of discovery which the nature of the case would suggest, and which are accessible to him.

2. ———: ———: MORTGAGES. Evidence examined, and *held* that a sufficient foundation had been established for the admission of secondary evidence of the mortgage alleged in petition.

3. Fraudulent Conveyances: ATTACK BY PARTY NOT PREJUDICED. A conveyance or mortgage-without consideration, and in fraud of the rights of creditors, cannot be assailed by one not prejudiced thereby. Such a contract is void as to creditors, but only so far as may be necessary for their protection. It is effective for all other purposes.

4. Bona Fide Purchasers of Realty: BURDEN OF PROOF. Where a claim to real estate can be sustained only on the ground that the party asserting it is a subsequent purchaser or mortgagee in good faith, such person is required to show affirmatively that he purchased without notice of the equities of the adverse party, relying upon the apparent ownership of his grantor or mortgagor.

5. Limitation of Actions: MORTGAGE FORECLOSURE. An action by a subsequent mortgagee to enforce his equities as against the mortgagor and purchaser through a decree foreclosing the prior mortgage to which he was not made a party, may be brought at any time within ten years after the cause of action accrued.

6. ———: ———. The action in such a case is upon the mortgage, and is governed, as to the time of commencement, by the provisions of section 6 of the Code.

7. Pleading: CONCLUSIONS: ESTOPPEL. One who in pleading has stated a legal conclusion instead of a material fact cannot object to a denial thereof in the same terms on the ground that it is a conclusion of law and not an allegation of fact.

8. ———: NIL DEBET. The plea *nil debet* under our system puts in issue no fact and cannot be regarded as a defense. Accordingly *held* that an answer to a petition for foreclosure denying "that there is anything due on the note and mortgage" tenders no issue.

9. Mortgages: FORECLOSURE: ACTION BY SUBSEQUENT MORTGAGEE: ACCOUNTING: CONSIDERATION: PLEA OF NIL DEBET:

RES ADJUDICATA: PARTIES.  B. purchased property at judicial sale to satisfy a decree of foreclosure in his own favor. Subsequently the holder of a second mortgage, who had not been made a party to B.'s foreclosure proceeding, commenced an action for an accounting against the mortgagor, and for leave to redeem from B.  The latter answered alleging a former action by L. to foreclose the same mortgage; that he, B., had filed an answer therein alleging in substance that L., the plaintiff, was not the party in interest; that said mortgage was without consideration, and denying that there was any sum whatever due thereon,—whereupon "it was, upon the merits thereof, adjudged and decreed that said action be dismissed." *Held*, (1) The plea of no consideration was not available to B., whose rights were acquired through the prior mortgage; (2) the allegation that there was nothing due on the mortgage was a mere conclusion and presented no issue; (3) the allegation that L. was not the party in interest did not involve the merits of the cause but the plaintiff's capacity to sue.

APPEAL from the district court of Douglas county. Heard below before IRVINE, J.

The opinion contains a statement of the case.

*Cavanagh & Thomas* and *Ambrose & Duffie*, for appellant:

The copy of the mortgage should be admitted in evidence and considered. (*Minor v. Tillotson*, 7 Pet. [U. S.], 99; *Proprietors of Braintree v. Battles*, 6 Vt., 399; *Peay v. Picket*, 3 McCord [S. Car.], 322.)

The mortgage is not fraudulent, and if it were, the defendants cannot complain. (*Burt v. Baldwin*, 8 Neb., 487; *Freeman v. Auld*, 44 N. Y., 50; Wiltsie, Mortgage Foreclosure, sec. 395; *Bradley v. Snyder*, 14 Ill., 263; *Green v. Dixon*, 9 Wis., 532*; *Snyder v. Warren*, 2 Cow. [N. Y.], 518.)

The action is not barred by the statute of limitations. (*State v. Conway*, 18 O., 234; *Keokuk County v. Howard*, 41 Ia., 11; *McKesson v. Hawley*, 22 Neb., 692; *McDowell v. Lloyd*, 22 Ia., 448; *Parker v. Kuhn*, 21 Neb., 413; *Hol-*

*den v. Gilbert,* 7 Paige Ch. [N. Y.], 208; *Sheldon v. Edwards,* 35 N. Y., 286.)

The burden was on the defendants to show that they were *bona fide* purchasers without notice of the mortgage. (*Sillyman v. King,* 36 Ia., 207; *Nolan v. Grant,* 53 Ia., 392; *Fogg v. Holcomb,* 64 Ia., 621; *Boone v. Chiles,* 10 Pet. [U. S.], 211; *Barney v. McCarty,* 15 Ia., 510; *Landers v. Bolton,* 26 Cal., 393.)

The following cases are cited upon the question of former adjudication: *Goodenow v. Litchfield,* 59 Ia., 226; *Brigham v. McDonald,* 19 Neb., 407; *Wilch v. Phelps,* 16 Neb., 515; *Densmore v. Tomer,* 14 Neb , 392; *Helphrey v. Redick,* 21 Neb., 83; *Russell v. Place,* 94 U. S., 606; *Aiken v. Peck,* 22 Vt., 260; *Hooker v. Hubbard,* 102 Mass., 245; *Packet Co. v. Sickles,* 5 Wall. [U. S.], 580; *Griffin v. Seymour,* 15 Ia., 30; *Foster v. Busteed,* 100 Mass., 409; *Neafie v. Neafie,* 7 Johns. Ch. [N. Y.], 1; *Peterborough v. Germaine,* 3 Bro. P. C. [Eng.], 281; *Brandlym v. Ord,* 1 Atk. [Eng.], 571; *Gardner v. Raisbeck,* 28 N. J. Eq., 71; *Cater v. Dewar,* 2 Dick. [Eng.], 654; *Campbell v. Tompkins,* 32 N. J. Eq., 170; *Brooks v. Dalrymple,* 12 Allen [Mass.], 102; *Bucklin v. Bucklin,* 1 Abb. App. Dec. [N. Y.], 242; Jones, Mortgages, sec. 614.

*Kennedy, Gilbert & Anderson, Montgomery, Charlton & Hall, Wharton & Baird, Meikle & Perley,* and *Arthur C. Wakeley,* for appellees:

The action is barred by a former adjudication. (*Rogers v. Russell,* 11 Neb., 362; *Carroll v. Patrick,* 23 Neb., 835; Freeman, Judgments, sec. 270; *Hamilton Loan & Trust Co. v. Gordon,* 32 Neb., 663; Bailey, Onus Probandi, p. 597; Estee, Pleading, sec. 185; *United States v. Hough,* 103 U. S., 71; *Sheldon v. Edwards,* 35 N. Y., 286; Freeman, Judgments, sec. 276a; *Cromwell v. County of Sac,* 94 U. S., 352; *Foote v. Gibbs,* 67 Mass., 412; *Kelsey v. Murphy,* 26 Pa. St., 78; *Neafie v. Neafie,* 7 Johns. Ch.

[N. Y.], 1; Freeman, Judgments, sec. 173; *Fields v. Flanders*, 40 Ill., 470.)

The action is barred by the statute of limitations. (Bailey, Onus Probandi, p. 599; *Parker v. Kuhn*, 21 Neb., 413.)

Appellant's mortgage was not entitled to be recorded or read in evidence. (*Albertson v. State*, 9 Neb., 429.)

Appellees were *bona fide* purchasers. (*Traphagen v. Irwin*, 18 Neb., 195; *Lamb v. Jeffrey*, 47 Mich., 28.)

The following cases are also cited by appellees: *Briggs v. French*, 2 Sum. [U. S.], 251; *Osborne v. Brooklyn City R. Co.*, 5 Blatch. [U. S.], 366; *Smith v. Kernochen*, 7 How. [U. S.], 198; *Newby v. Oregon, C. R. Co.*, 1 Sawyer [U. S.], 63; *Barney v. Lewey*, 13 Johns. [N. Y.], 224; *Conger v. Chilcote*, 42 Ia., 18.

*J. L. Kaley, G. M. O'Brien, Curtis & Shields, Geo. E. Pritchett, J. W. Carr, Saunders & Macfarland, B. G. Burbank, Guy R. C. Read, John Q. Burgner, J. W. West, Bradley & De Lamatre, A. J. Poppleton*, and *W. S. Poppleton*, also for appellees.

POST, J.

On the 4th day of May, 1875, John Gallagher executed in favor of the defendant, Wellington R. Burt, a mortgage, whereby he conveyed to the latter certain real estate in Douglas county to secure an indebtedness of $20,000. On the 10th day of August, 1875, Matthew Baldwin, who had in the meantime acquired the title to said property by deed from Gallagher, conveyed the same by mortgage to Morgan Baldwin, to secure payment of a note of even date therewith for $12,500, payable six years from date, with annual interest at six per cent. Said mortgage was executed in the state of Illinois and acknowledged before Henry Wisner, who, according to the certificate attached thereto, was at said time a commissioner for the state of Nebraska. It appears also to have been filed for record with the county

clerk of Douglas county on the 7th day of October, 1875. On the 12th day of August, 1876, proceedings were instituted in the district court of Douglas county by Burt, the defendant herein, for the foreclosure of the mortgage first above mentioned, without naming Morgan Baldwin, who still held the mortgage last described, as a defendant, and which resulted in a decree for the plaintiff in the sum of $22,938.76 and costs, taxed at $451.30. To satisfy said decree the mortgaged property was sold to the plaintiff therein, Burt, and a deed therefor executed in due form by the sheriff pursuant to an order of the court. On the 5th day of August, 1891, the plaintiff herein, who had acquired title to the mortgage executed by Matthew Baldwin through the will of the mortgagee, commenced this proceeding for the purpose of asserting her rights thereunder. The relief asked is, first, an accounting and decree of foreclosure as against the mortgagor, and, second, the right to redeem as against Burt and the defendants (nearly three hundred in number) who claim through him.

Owing to the voluminous character of the pleadings, which comprise 133 pages of type-written matter, it is impracticable to give in this connection more than a brief summary of the issues thereby presented. The answers, after showing the interests of the several defendants as purchasers or mortgagees, deny the execution of the mortgage alleged by the plaintiff in terms admitted to be sufficiently specific to put the latter upon her proof. It is in all of them alleged that in the year 1881 proceedings were instituted in the circuit court of the United States for the district of Nebraska, by one Henry M. Lewis as plaintiff, for the foreclosure of said pretended mortgage, in which Wellington R. Burt, who then held the property in controversy through the sheriff's deed herein mentioned, was made a defendant; that issue was joined by the answer of said Burt, and the reply of the complainant, Lewis, and that on the 28th day of May, 1883, a decree was entered in

favor of the defendants therein upon the merits of the cause, and dismissing the bill of the complainant at his cost.   For a third defense it is alleged that if such a mortgage was in fact executed by Matthew Baldwin it was without any consideration whatever, and in pursuance of a corrupt and fraudulent purpose of the said Matthew and his father, Morgan Baldwin, to defraud the creditors of the former.   A fourth defense is the statute of limitations.   It is also in most of the answers alleged that the defendants therein named purchased in good faith, relying upon the title of Burt without notice of the mortgage, which is the subject of this action.   The plaintiff, in reply, admits the bringing of the action in the circuit court as above stated, but alleges that the note and mortgage in controversy had previously been assigned to Lewis, the plaintiff therein, in order to enable the latter to prosecute foreclosure proceedings in that court, and that she, the plaintiff, was at said time the real party in interest.   She denies also that the decree of dismissal therein involved the merits of the cause, in terms to which reference will hereafter be made.

1. The first question to which we will give attention is presented by the ruling of the district court in rejecting as evidence a copy of the mortgage described in the petition. Matthew Baldwin, in his deposition, after stating that the mortgage was given as security for money advanced and paid for his benefit by his father, the mortgagee, testified further as follows:

Q. Mr. Baldwin, you may examine the paper which I now show you, a copy of which is marked "Exhibit A," and attached hereto as a part of this interrogatory, and state whether you have ever seen it before and what it is.

A. I have seen the paper.   I wrote it and it is a note which I gave to my father accompanying the mortgage in Douglas county, Nebraska.

Q. You may examine the paper, which I now show you, which is attached hereto as a part of this interrogatory and marked "Exhibit B," and state what said paper is.

A. This is a copy of the mortgage which I gave father on lands in Douglas county, Nebraska.

Q. Now, Mr. Baldwin, you may state when and where this note and mortgage were delivered to your father.

A. They were delivered to father some time in August, 1875, at Flint, Michigan, at the house of Mr. A. C. Johnson.

In connection with the deposition containing the evidence quoted, the paper therein referred to as "Exhibit B" was offered in evidence and received subject to the objection that it was "incompetent, immaterial, and not the best evidence." The deposition of A. C. Johnson was then read, from which it appears that the witness was for more than forty years the legal adviser of the deceased, Morgan Baldwin, and, since the death of the latter, has stood in the same relation toward the plaintiff, his widow. He fully corroborates Matthew Baldwin in respect to the delivery of the note and mortgage. He further testifies that said mortgage was placed in his hands for safe keeping in the year 1880, soon after the death of the said Morgan Baldwin; that he last saw it in the fall of 1882, when it was still in his possession, and that he has never surrendered possession thereof to any person, although he is now unable to find it after the most diligent and careful search among the papers in his office and his residence. Plaintiff thereupon offered in evidence also the record of said mortgage in the office of the register of deeds for Douglas county, and which was received subject to the above objections. At that point the objections mentioned were argued to the court and sustained, and, according to the bill of exceptions, the action dismissed for want of competent evidence of the mortgage described in the petition. Judging from the opinion of the court which we find in the record, it would seem that the argument in support of the objection was directed exclusively to the record of the register of deeds as independent evidence, and the copy identified by the witnesses above

named entirely overlooked.   But while we conclude that the record as made up does not fairly represent the position of the district court, it does present the question whether the copy, as thus identified, was admissible without regard to the record of the mortgage; in short, whether a sufficient foundation had been laid for the reception of secondary evidence of the mortgage.   It was there contended, and which contention is renewed in this court, that to entitle deeds and mortgages acknowledged before a commissioner in another state to record in this state the certificate of acknowledgment must be accompanied by the certificate of the secretary of state, contemplated by section 36, chapter 73, Compiled Statutes.   But we do not regard that question as essential to the merits of the controversy, since, in our judgment, the copy first mentioned was admissible in evidence upon the showing made, and is *prima facie* evidence of the original. The courts have never attempted to define the precise degree of diligence essential to be shown in the effort to produce a written instrument in order to render admissible parol evidence of its contents.   But it would seem to be sufficient if the party offering such proof has in good faith exhausted all of the sources and means of discovery which the nature of the case would suggest, and which are accessible to him. (1 Greenleaf, Evidence, 558; Wharton, Evidence, 147; *Minor v. Tillotson,* 7 Pet. [U. S.], 99; *Proprietors of Braintree v. Battles,* 6 Vt., 399; *Buchanan v. Wise,* 34 Neb., 695.)   There is no suggestion of fraud in that respect, nor can we conceive of any motive for the suppression of the mortgage by the plaintiff.   Conceding the acknowledgment thereof to be defective, and that it was not entitled to record, it is still effective as against the mortgagor and his grantees with notice (*Connell v. Galligher,* 36 Neb., 749), and should have been admitted for that purpose.   It is agreed by counsel that the record presents the merits of the controversy, and we have accordingly, at their request, examined all questions of substance to which our attention

has been directed, and will proceed to notice them, although not in the exact order of their presentation.

2. One contention of the defendants, as we have seen, is that the mortgage was without consideration and a fraud upon the creditors of the mortgagor, Matthew Baldwin. The only evidence adduced by either party which bears upon the subject of consideration is the testimony of Matthew Baldwin, who swears that the note above described represents money actually paid for and advanced to him by his father, and the witness Johnson, who swears that he saw and examined the notes paid for his son by Morgan Baldwin, and that some of them were paid with money loaned by the witness. That evidence we think quite sufficient to overcome the presumption of fraud arising from the relationship of the parties and establish *prima facie* the good faith of the mortgage. But admitting that it is in fact without consideration, and therefore fraudulent as to creditors, is that fact available as a defense in this action? It may be stated, as a general rule, that contracts which are valid, except as against those in adverse interest, cannot be assailed by persons not prejudiced thereby. A voluntary settlement is void only as to creditors, and as to them only so far as may be necessary for their protection. As to all other purposes it is valid and effective. As said in *Curtis v. Price*, 12 Ves. [Eng.], 103: "Satisfy the creditors and the settlement stands." (See, also, May, Fraudulent Conveyances, 689; 1 Story, Equity Jurisprudence [12th ed.], sec. 371; Bump, Fraudulent Conveyances [2d ed.], 315, 481; Wiltsie, Mortgage Foreclosure, 395; *Freeman v. Auld*, 44 N. Y., 50; *Bradley v. Snyder*, 14 Ill., 263; *Richardson v. Welch*, 47 Mich., 309.) None of the defendants are creditors of Matthew Baldwin, and none claim through him. On the other hand, all claim through the prior mortgage from Gallagher to Burt, which was, it is conceded, a prior lien, and the titles acquired through it are not called in question. Matthew Baldwin might have

executed the mortgage without any consideration whatever, and for the avowed purpose of defrauding his creditors, but upon what principle can Burt and his grantees complain? It is in legal contemplation no concern to the holder of the security whether the mortgagor sells or incumbers his equity of redemption, or whether he is divested of his title by means of legal process. So, waiving for the present the question whether the defendants or any of them are *bona fide* purchasers, it is obvious that they acquired the rights of Burt only and must, for the purpose of this controversy, stand in his shoes. It follows that the question of the good faith or fraud in the execution of the plaintiff mortgage is foreign to the present inquiry.

3. Are the defendants *bona fide* purchasers or lien-holders? The various answers, so far as they refer to the *bona fides* of the defendants, differ widely, and it may be doubted whether that issue is presented by the pleadings; but a consideration of that question is unnecessary in this connection, for the reason that such a contention is entirely unwarranted by the proofs. It was said in *Bowman v. Griffith,* 35 Neb., 361, that "where a claim to real estate can be sustained only on the ground that the person asserting it is a subsequent purchaser in good faith, such person is required to show affirmatively that he purchased without notice of the equities of another and relying upon the apparent ownership of his grantor." No evidence was offered tending to prove that the defendants, or any of them, purchased in ignorance of the plaintiff's mortgage, or that they advanced any money or other consideration relying upon Burt's title as it appeared of record. They are, therefore, not within the rule stated, and are chargeable with notice of whatever equities existed in favor of the plaintiff at the time when their several interests were acquired.

4. It is strenuously insisted that the bar of the statute is complete and that the decree should be affirmed on that ground. That contention has for its basis the proposition

that the action is one to redeem from the prior mortgage, and, therefore, within the provisions of section 16 of the Code, while the contention of the plaintiff is that it is primarily an action for the foreclosure of her mortgage and therefore governed by the provisions of section 6. The district court, in ruling upon a demurrer to the petition, appears to have adopted the latter construction, and that view we regard as altogether sound. The language of the last named section is, "An action for the recovery of the title or possession of lands, tenements, or hereditaments can only be brought within ten years after the cause of such action shall have accrued. This section shall be construed to apply also to mortgages." In *Hale v. Christy,* 8 Neb., 264, it was held under the provision quoted that an action to foreclose a mortgage may be commenced at any time within ten years after the cause of action accrued, and the rule there stated has been often reasserted by this court. We can conceive of no ground for distinction on principle between that case and the one before us. In each the mortgage is the cause of action, and the fact that the plaintiff, as against some of the defendants, is entitled to redeem only, we must regard as immaterial, since the statute runs not against the particular relief which equity allows, but against the cause of action. A critical analysis of the cases which bear upon the subject is unnecessary in this opinion, since the solution of the question may be attained by an application of familiar and well established principles. The principal debt, by the terms of the note, matured six years after the date thereof, to-wit, August 10, 1875. Leaving out of consideration all questions arising out of the assignment thereof to Lewis, the plaintiff could have maintained an action on the mortgage at any time within ten years after maturity of the principal sum, which, excluding days of grace, was August 10, 1891, or five days after the commencement of this action. It has been frequently said by this court, and is elementary law, that in order to conclude

Baldwin v. Burt.

subsequent mortgagees by a decree of foreclosure they must
be made parties to the proceeding by the holder of the
prior mortgage.   Now the position of Burt, and those who
claim through him, is that in consequence of the decree
foreclosing the first mortgage and the subsequent proceed-
ings thereunder the plaintiff cannot prosecute an action on
her mortgage, but that her remedy is under section 16, by
which "an action for relief not hereinbefore provided for can
only be brought within four years after the cause of action
shall have accrued."   In other words, they contend that she
is concluded and barred of a substantial right by a decree
to which she is not a party,— a proposition which "needs
but to be stated to be disproved."   The views here ex-
pressed find support in the case of *McKesson v. Hawley*, 22
Neb., 692, and in nowise conflict with *Parker v. Kuhn*, 21
Neb., 413.   The last named case was one in which it was
sought to redeem from the lien of a judgment on the
ground of fraud, and to which the period named in section
16 is applicable for obvious reasons.

5.  We will now examine the question presented by the
plea of former adjudication.   No evidence whatever was
given or offered by any of the parties upon that branch of
the case, hence our investigation must be confined to the
pleadings.   Of the several answers perhaps that of Burt
contains the most specific allegations, and it is sufficient for
our purpose to refer to it alone.   After alleging that a suit
was commenced in the circuit court by Lewis, a citizen of
the state of Wisconsin, as assignee of the plaintiff for the
foreclosure of the mortgage now in controversy, and the
service of process upon Matthew Baldwin, the mortgagor,
and Burt, the answering defendant, and the answer therein
by the latter, he concludes as follows: "In the said answer
therein so filed by said Burt it was alleged that said Lewis
was not the real party in interest in the suit; that the said
pretended note and mortgage were without consideration
and denied that there was any sum whatever due on said

pretended note and mortgage, and further alleged that said pretended note and mortgage were never delivered to said Morgan Baldwin; that said Matthew was the son of said Morgan and Eunice Baldwin; that the real party in interest in said suit in circuit court as against said Burt was said Matthew S. Baldwin, and said Burt asked to be hence dismissed with his costs; that said Henry M. Lewis duly replied to said answer of Burt in said suit in the circuit court, denying said answer of said Burt, and thereupon the issues were joined, and thereafter on the 25th, 26th, 27th, and 28th days of May, 1883, said cause came on for final hearing in said circuit court on said bill, answer, reply, and proofs, * * * and after hearing the allegations of the parties and the evidence offered on behalf of said complainant and said defendant Burt, and arguments of respective counsel, and being fully advised in the premises, said court made and entered its decree by which it was adjudged and decreed upon the merits of the issue so joined, that said suit be dismissed at complainant's cost, and the same was so dismissed; that by reason of the transfer of said pretended note and mortgages as aforesaid by said Eunice Baldwin, executrix, and of said suit in the circuit court, and the decree therein, the right of the plaintiff herein and all others in respect to said pretended note and mortgage were fully and finally adjudicated so far as said Wellington R. Burt and all persons claiming title to said lands, through or under him, are concerned."

The reply, so far as it refers to above mentioned plea is as follows: "Plaintiff denies the matters in controversy in this action were in any manner determined or adjudicated in said action in the circuit court of the United States for the district of Nebraska, wherein Henry M. Lewis was complainant and Matthew Baldwin and others were defendants, and states the fact to be that said court found that Henry M. Lewis never had possession of said note and mortgage and never paid any consideration therefor, and

that he had no interest therein recognizable in a court of equity and said court did not pass upon the merits of said action, but did dismiss the same because of want of interest of the complainant Henry M. Lewis. Plaintiff further states that among other issues of said cause of Henry M. Lewis against Matthew Baldwin and others aforesaid it was claimed by said defendants therein that said Henry M. Lewis was not the owner of said note and mortgage and had no interest recognizable in a court of equity, and said court dismissed said cause without passing upon the merits and plaintiff denies that the decree therein entered was an adjudication of any matter involved in this action."

.As preliminary to the principal contention it is argued that the denial that Lewis' bill " was dismissed on its merits" is a mere conclusion which tenders no issue of fact. The subject of pleading where the defense is estopped by judgment or decree has no place in this discussion, since, granting the reply to be defective as claimed, it is clear that the defendant was guilty of the first vice in that regard and will not now be heard to complain. The allegation that a judgment or decree is on the merits without stating further facts, is certaintly met by a denial in the same terms. We therefore assume the facts relied upon as a former adjudication to be well pleaded. But we agree with counsel for the plaintiff that such facts are not sufficient in law to create an estoppel by judgment, although we reach that conclusion by a somewhat different process of reasoning. Counsel take it for granted that the answer in the former suit tendered two issues, one involving the merits of the cause and the other the right of Lewis, the plaintiff, to maintain an action on the mortgage, and they contend that in the absence of extrinsic evidence that the decree is based upon the merits of the former suit, it will not in this proceeding be treated as conclusive. An examination of the answer has, however, led us to the conclusion that there was presented in that suit a single de-

fense only, and that involving not the merits of the cause but the right of the plaintiff to sue. True, it was charged, according to the answer herein, that the. mortgage was without consideration, but that fact, as we have seen, concerns creditors only, and could not have been interposed as a defense by Burt. It was also denied that "there was any sum whatever due on said pretended note and mortgage," but a denial in those terms could not have been responsive to the allegation of the bill. The plea *nil debet*, under our system, puts in issue no fact and cannot be regarded as a defense. (*Gray v. Elbling*, 35 Neb., 278; Maxwell, Pleading and Practice, 393.) The decree dismissing the former suit must, for the reasons stated, have rested upon the ground that the plaintiff was not the party in interest, and is, therefore, not a bar to this proceeding. It follows that the decree appealed from should be reversed and the cause remanded to the district court for further proceedings not inconsistent with the views herein expressed.

REVERSED.

IRVINE, C., not sitting.