[No. 1564.]

## ARNAUD INDA, APPELLANT, v. W. H. McINNIS, AS SHERIFF OF WASHOE COUNTY, RESPONDENT.

PLEADING—SUFFICIENCY OF COMPLAINT. In a complaint of a receipt for a deposit of money, to be returned "when settled that plaintiff is not liable for a license on sheep," the necessity of an allegation of settlement of plaintiff's liability as mentioned in the receipt is not avoided by the averments of ownership in the plaintiff of 5,396 acres of land in the state, and that the license tax is illegal.

IDEM—IDEM—JURISDICTION OF JUSTICE COURT. In an action on a receipt for $300, "to be returned when it is settled that plaintiff is not liable for a license on sheep," where it does not appear that the claim has been settled, the averment that the tax is illegal will not deprive the justice of the peace of jurisdiction.

APPEAL from the Second Judicial District Court, Washoe County; B. F. Curler, Judge.

Action by Arnaud Inda against W. H. McInnis, as sheriff. From an order sustaining a demurrer to the complaint and judgment entered thereon, plaintiff appeals. Affirmed.

The facts sufficiently appear in the opinion.

*Torreyson & Summerfield*, and *F. H. Norcross*, for Appellant:

I. The court has jurisdiction of the cause independent of

the amount in controversy where the legality of a tax is involved. (*Commissioners* v. *Griswold*, 23 Nev. 186; State Constitution, sec. 6, art. VI.) That the legality of a tax is involved from the allegations of the amended complaint, to us, seems too manifest to require any extended argument. Indeed, it appears from the statement that defendant's counsel had never seriously questioned the jurisdiction of the district court to try this action and finally had to amend his demurrer to meet the exigency of the occasion.

II. Under the allegations of the complaint the real and only question in controversy is whether appellant was liable for a tax of $300 on his sheep in Washoe county. After setting forth a state of facts which, if true (and for the purpose of the demurrer they are admitted to be true), entitled appellant to run his sheep in Washoe county without license, the complaint alleges: "That ever since the said 11th day of April, 1899, the defendant has held and retained, and now holds and retains, said sum of three hundred dollars, and claims the right to so hold and retain the same from plaintiff for a license upon the said sheep of plaintiff, and wrongfully and unlawfully refuses to return to plaintiff the said three hundred dollars, or any part thereof, though plaintiff has made demand upon him so to do. That a license tax upon plaintiff of three hundred dollars, or any other sum whatever, on account of herding, grazing, pasturing or owning said sheep in Washoe county as aforesaid, is without authority of law, illegal and void."

III. The only decisions to which the lower court has called our attention as having a bearing upon the question in controversy are the cases of *Robinson* v. *Longley*, 18 Nev. 71, which we are pleased to cite to this court as an authority supporting our contention that the district court has jurisdiction of this action, and the case of *Brown* v. *Rice*, 52 Cal. 489, which is clearly distinguished from the case at bar. The court say, in the Brown–Rice case, p. 491: "It is not pretended that the rates of toll as fixed by the board of supervisors were illegal in any respect." In the case at bar it is alleged that the tax claimed is illegal in every respect.

IV. Counsel for respondent cite many authorities in support of the well-settled principle of law that where money is

to be paid, or some other act performed, upon the happening of a certain condition, that the condition precedent must be shown to have been performed in every particular before the contract or obligation can be enforced. But while we admit this to be a correct proposition of law, we contend that it is not a rule applicable to this case, for the reason that if the court should consider that this money is only to be returned upon the happening of a condition, then we contend that the complaint alleges the happening of such condition. The language of the receipt is as follows: "Received of A. Inda three hundred dollars on deposit until it is settled that said A. Inda is not liable for a license on sheep, and, in case he is entitled to run his sheep in Washoe county, the money is to be returned to him." Now, the only condition attached to the return of this money is that it be settled that he is not liable for a license upon sheep and that he is entitled to run his sheep in Washoe county. The receipt does not say how it is to be settled that Inda is not liable for a license upon sheep, and counsel for respondent do not intimate what sort of a settlement they would deem sufficient. But the complaint alleges a state of facts, which respondent by his demurrer admits to be true, which settles the question that Inda is not liable for a license upon his sheep. The complaint alleges: "That at all the times and dates herein mentioned, and prior to the time of owning, herding, grazing or pasturing said sheep in Washoe county, plaintiff was the lessee, owner and holder of five thousand three hundred and ninety-six (5,396) acres of land in the State of Nevada." From this state of facts the conclusion of law must necessarily be drawn that appellant was not at the time of bringing this action liable for a license upon his sheep. The ownership of this land "settled" the question "that said A. Inda is not liable for a license on sheep." (*State* v. *Wheeler*, 23 Nev. 143.)

V. The complaint further alleges: "That a license tax upon plaintiff of three hundred dollars, or any other sum whatever, on account of herding, grazing, pasturing or owning said sheep in Washoe county as aforesaid, is without authority of law, illegal and void." We are somewhat at a loss to understand how respondent can admit that allegation

to be true and at the same time contend that it does not appear from the complaint that it is " settled " that appellant is not liable for the tax. Furthermore, it appears from the terms of the receipt, that " in case he is entitled to run his sheep in Washoe county, the money is to be returned to him." The owning, herding, grazing or " running of sheep " is, we believe, a legitimate occupation in the State of Nevada and, indeed, one of the state's principal industries, and as long as the owner or person in charge of the sheep does not interfere with the rights of others he is entitled " to run his sheep in Washoe county " or any other county. Whether respondent's counsel take the position that the plaintiff should first bring some sort of an action to have it " settled " that he is not liable for a tax upon his sheep before he can bring an action to recover the money upon the receipt is not entirely clear, but if such is their contention, we submit that there is nothing in the receipt itself that would warrant such a construction as would require the appellant to resort to two actions when one would accomplish every purpose.

VI. We admit that if this was an action on the receipt to recover three hundred dollars and no question was raised as to the legality of the license tax, then the district court would have had no jurisdiction, for in such an event the legality of a tax would not have been involved. But that is not this case. The complaint affirmatively sets forth what the controversy is between the plaintiff and the sheriff, and it affirmatively appears that the sole and only question between them is as to the plaintiff's liability for the tax. Whether this action is upon contract or not the legality of a tax is " involved " and must be determined, and with that character of a question the justice court has nothing to do.

*A. E. Cheney* and *E. D. Vanderlieth*, for Respondent:

I. Just what the appellant claims this action is, we have never been able to definitely ascertain. The only fair construction of the whole complaint is that it is an action to recover $300, which was paid by the plaintiff to the defendant upon an unlawful demand for a tax or license. It was the collection of the license which moved the defendant and caused the difference between the parties. There was no

other consideration for the payment of the money than to satisfy the demand of defendant for the license, and prevent the commencement of an action for it, and the attachment of the sheep as security. The payment was plainly made to avoid that result, and the action is to recover what was then paid, upon the ground that the sum so claimed was an illegal tax. This action must be one of two things, either an action *ex delicto*, based upon the wrongful collection by the defendant of a sheep license tax of $300, or an action *ex contractu*, founded upon the written receipt set forth in the complaint; but, whether in tort, or upon contract, the result is the same.

II. If it is an action upon the written receipt, the complaint is insufficient. If the receipt contains a promise to pay, it is upon a condition precedent, viz.: when it is settled that Inda is not liable for a license on his said sheep, and that he is entitled to run his sheep in Washoe county. Then, and not until then, the $300 is to be returned to the plaintiff. No action lies upon this promise until the condition is fulfilled, and the complaint is fatally defective in not stating that the condition has arisen upon which the liability is predicated. (*V. & T. R. R. Co.* v. *Lyon Co.*, 6 Nev. 68; *Soderberg* v. *Crockett*, 17 Nev. 409; *Waterman* v. *Banks*, 144 U. S. 394; *Moore* v. *Campbell*, 12 N. E. (Ind.) 495; *Persinger* v. *Bevill* (Fla.), 12 So. 366; *De Wein* v. *Osburn* (Colo.), 21 Pac. 189; *Hanly* v. *Walker* (Mich.), 45 N. W. 59; *Baker* v. *Tillman*, 84 Ga. 401; *Johnson* v. *Reed*, 9 Mass. 78; *Combe* v. *Green*, 11 M. & W. 480; 2 Parsons on Contracts, 7th ed., p. 661; *Husenetter* v. *Gullikson* (Neb.), 75 N. W. 41; *Wilson* v. *Wright*, 74 N. W. (Mich.), 722; *Am. Nat. Bk.* v. *Dancy* (Tex.), 40 S. W. 551; *Blodgett* v. *Hall*, 32 N. Y. S. 788; *Clarke* v. *Ross* (Ia.), 60 N. W. 627; *In re Becker's Estate* (Penn.), 31 Atl. Rep. 95; *Atlantic Ave. R. Co.* v. *Johnson*, 134 N. Y. 375; *Hecht* v. *Taubel* (N. J.), 26 Atl. Rep. 902; *N. Y. & N. H. Automatic Sprinkler Co.* v. *Andrews*, 23 N. Y. S. 998; 7 Am. & Eng. Enc., 2d ed., pp. 118–120.)

III. If the action is upon a contract with or without a condition, the demurrer was properly sustained, because the demand does not exceed three hundred dollars. *Commrs. of Washoe Co.* v. *Griswold*, 23 Nev. 183, upon which appellant relies to support his contention that the district court had

jurisdiction, proves quite the contrary. That action was very properly commenced in the justice's court, and certified to the district court. If the district court had original jurisdiction, then the justice's court did not have, and if the justice's court had no jurisdiction, then no jurisdiction was conferred upon the district court by the case being certified; and, if the district court renders judgment upon an issue exclusively within the jurisdiction of the justice's court, this court has no jurisdiction of an appeal from that judgment. (*Union Ditch Co.* v. *Leete*, 24 Nev. 345, 54 Pac. 724.)

By the Court, BELKNAP, J.:

Appeal from an order sustaining a demurrer and from the judgment entered thereupon.

The complaint, in substance, alleged: That defendant, during the times mentioned, was the sheriff of Washoe county. That plaintiff, during the same period, was the owner of 6,000 head of sheep pasturing in Washoe county. That defendant demanded the sum of $300 of plaintiff, as a license tax, as such owner. That plaintiff notified defendant that he was the owner of 5,396 acres of land in the State of Nevada, notwithstanding which defendant threatened to enforce his demand by process of law, unless plaintiff paid the license demanded; whereupon plaintiff, in order to avoid the detention of his sheep, agreed to and did deposit with defendant the sum of $300, to be retained by him according to the terms of the following receipt: "Reno, Nevada, April 11, 1899. Received of A. Inda three hundred dollars ($300) on deposit, until it is settled that said A. Inda is not liable for a license on sheep, and, in case he is entitled to run his sheep in Washoe county, the money is to be returned to him. W. H. McInnis, Sheriff of Washoe County." That defendant retains the money for a license upon the sheep mentioned, and refuses to return any portion of it to plaintiff. That a license tax upon plaintiff on account of herding, grazing, pasturing, or owning sheep is without authority of law and void. Defendant demurred to the complaint, on the grounds that it did not state facts sufficient to constitute a cause of action, and that the court had no jurisdiction thereof.

Plaintiff should have averred in his complaint that the contingency mentioned in the receipt from the defendant had occurred.   This is in the nature of a condition precedent, and must be averred in an action upon the contract.   Counsel for appellant admit that this is the general rule, but claim that it is not applicable in this case because of the averments of ownership in plaintiff of 5,396 acres of land in the state, and that the license tax on sheep is illegal.   But the obligation of defendant is to return the money when " it is settled that plaintiff is not liable for a license tax on sheep."   Defendant is liable only upon the terms of his contract, and, if the contingency has not transpired, the action cannot be maintained. To hold otherwise would be to substitute an obligation for the defendant different from that which he has himself made.

The demand, exclusive of interest, does not exceed $300, and *prima facie* the justice court had jurisdiction; but it is claimed the legality of a tax is involved, and for this reason that the case was properly brought in the district court.   The receipt upon which the action was brought states that the money was deposited " until it is settled " that said Inda is not liable for a license on sheep, and, in case he is entitled to run his sheep in Washoe county, the money is to be returned to him.

We are not advised by the complaint whether or not proceedings have been instituted for the purpose of settling these differences, but they should be settled in that action, and not in this one.   The complaint in this case attempts to state a cause of action for money had and received for plaintiff's use, and is not aided by immaterial averments as to the illegality of a tax.

The order and judgment are affirmed.