BANKERS UNION OF THE WORLD V. JOHN FAVALORA.

FILED MARCH 23, 1905. No. 13,745.

1. **Pleading.** The plea *nil debet* under our system puts in issue no fact and cannot be regarded as a defense. *Baldwin v. Burt*, 43 Neb 245, followed and approved.

2. **Appeal: NEW ISSUE.** Where in the county court defendant interposed a defense of an account stated, and on appeal to the district court attempted to amend his answer by including the defense of accord and satisfaction, *held*, the latter plea to be a new ground of defense not pleaded in the court below.

3. *Judgment on Pleadings.* Action of the trial court in entering judgment on the pleadings examined, and approved.

ERROR to the district court for Douglas county: JACOB FAWCETT, JUDGE. *Affirmed.*

*Matthew Gering* and *Frank L. Weaver,* for plaintiff in error.

*Crane & Boucher, contra.*

OLDHAM, C.

In this suit John Favalora filed his petition in the county court of Douglas county against the Bankers Union of the World to recover $843 on a certificate issued by said company for $1,000. In the petition it was alleged that on December 13, 1900, the defendant issued its policy of insurance on the lives of John Favalora and Catherine Favalora in the sum of $1,000, payable to the survivor; that a true copy of said policy was attached to the petition as Exhibit "A," and made a part thereof; that Catherine Favalora died May 10, 1902; that the policy of Catherine Favalora was in full force at the time of her death, and that plaintiff was the beneficiary named therein and the surviving husband of the deceased; that proof of death had been regularly made and sent to the defendant, and that Catherine Favalora was a member in good standing of the order at the time of her death, and had paid all dues and assessments provided for in her contract of membership, and that there was due on the policy $843. The copy of the policy attached to the petition showed on its face that, if the insured should die within the second year after its issue, the sum of $157 should be deducted from the amount of the policy. Accordingly, the prayer of the petition was for $1,000, less this amount. The answer of defendant admitted its incorporation and that it was doing business as a fraternal benefit society; admitted that the insured was a member in good standing in said society

at the time of her death; admitted that she died at the time and place alleged in plaintiff's petition, and that plaintiff was her surviving husband and beneficiary named in the policy; admitted that the copy of the policy attached to the petition was true and correct, and contained the conditions of said policy; and denied each and every other allegation in the petition, and contained an additional paragraph, as follows: "Further answering, this defendant avers that an account was stated between plaintiff and defendant on or about the first day of February, 1903, and there was found to be due the plaintiff from defendant on said policy or certificate mentioned in plaintiff's petition the sum of $465.80, which amount of $465.80 this defendant promised and agreed to pay plaintiff; and defendant alleges that it is willing to pay plaintiff said amount, with interest thereon, and hereby offers to confess judgment for said amount of $465.80, with interest thereon and costs of suit." Under these pleadings the case was tried in the county court, where judgment was entered for plaintiff for $465.80, in accordance with the prayer of the answer. Plaintiff thereupon appealed the case to the district court for Douglas county, and filed a petition which was an exact copy of its petition in the county court. Defendant answered with the same allegations as those contained in defendant's answer in the county court, except that the following additional paragraph, numbered 7, was added to its answer: "7. Further answering, defendant alleges that, in conformity with the agreement made between the defendant and the beneficiary of said policy, this defendant accepted a draft for $465.80, and that said draft was sent to the Omaha National Bank for collection, and attached to said draft was the policy or benefit certificate, canceled and released, and the defendant is now and has been at all times ready and willing to pay said draft, and that said draft was accepted by the plaintiff in this case in full settlement for her claim against this defendant, and in conformity with such agreement he signed a release on the back of said benefit cer-

tificate and transmitted the same to the Omaha National Bank." On plaintiff's motion, this paragraph "7" was stricken from the answer, because it presented an issue of fact not contained in the answer in the county court. When this motion was sustained, defendant tendered no further pleadings, and the plaintiff filed a motion for judgment on the pleadings for the amount prayed for in the petition. This motion was sustained, and judgment was rendered accordingly. To reverse this judgment, defendant brings error to this court. It will be noticed that the answer specifically admits the incorporation of the defendant, and that it is doing business as a fraternal benefit association under the laws of Nebraska; that plaintiff and his wife were members in good standing, and carried a certificate of insurance in the sum of $1,000 issued December 13, 1900, payable to the survivor; that Exhibit "A" attached to the petition is a correct copy; that plaintiff's wife died May 10, 1902; that plaintiff is the beneficiary and husband of deceased, and that proofs of loss were made August 15, 1902, within the time named in the policy. The conditions of the policy, admitted by the answer, show the amount to be deducted from the face of the policy where the death of a member occurs during the second year of their membership in the society. Now, then, the question arises, in view of these specific admissions, what, if any, issue is tendered by the general denial? It is claimed in the brief of plaintiff in error that the general denial puts in issue the amount due on the benefit certificate; but a denial that there is due the amount claimed in the petition puts nothing in issue. *Gray v. Elbing,* 35 Neb. 278. In *Baldwin v. Burt,* 43 Neb. 245, it is said: "The plea of *nil debet* under our system puts in issue no fact and cannot be regarded as a defense." Consequently, in view of the admissions in the answer, the general denial traverses no material issue and constitutes no defense.

The next question to consider is as to the action of the trial court in sustaining the motion to strike paragraph 7

from defendant's answer because of a departure from the issues raised in the county court. It will be noticed by an examination of the allegations of the answer in the county court that the only defense relied upon was that an account had been stated between plaintiff and defendant, on which it was found that a certain sum was due, for which defendant offered to confess judgment; while by the allegations of paragraph 7 incorporated into the answer in the district court, defendant sought to rely on the defense of accord and satisfaction. An account stated has been defined by this court in *McKinster v. Hitchcock*, 19 Neb. 100, to be "an agreement between persons who have had previous transactions, fixing the amount due in respect to such transactions and promising payment." Consequently, when an account has been stated between two parties, the presumption is that the stated account is correct; and, when suit is instituted on it, the burden is on the party denying the account to show its inaccuracy or that it was stated through fraud or mistake. An accord and satisfaction, on the contrary, is the substitution of another agreement between parties in satisfaction of a former one, and an execution of the latter agreement. An accord to be good must be in full satisfaction and must be executed. A promise to execute or to perform at a future time would not support the plea of accord and satisfaction. *Goble v. American Nat. Bank*, 46 Neb. 891. Hence, a departure from a defense of an account stated to a plea of accord and satisfaction is the substitution of a new ground of defense, and the trial court was fully supported in sustaining the motion to strike such defense from the answer because not pleaded in the court below.

The question then arises, with the seventh paragraph stricken from the answer, is any defense stated in view of the admissions of the answer. Now, by the admissions of the answer it is conceded that *prima facie* plaintiff has a just cause of action against the defendant for the amount claimed in his petition. In other words, that he has a liquidated existing claim for $843, just as much so as

though he held defendant's note of hand for such an amount. Now, supposing for the purpose of the argument that plaintiff had sued defendant on defendant's note of hand for $843, and defendant had answered, admitting the execution, delivery and consideration of the note, and that it was past due and unpaid, could he then couple with these admissions an allegation that there had been an account stated between plaintiff and defendant on which half that amount had been agreed upon, and would such a plea be consistent with the specific admissions of the answer? Would it not be necessary, to make such defense consistent with the admissions, that some fact should be stated which would show a possible dispute about some item in the account alleged to have been stated? Counsel for plaintiff in error seek to meet this suggestion by saying that the by-laws of defendant company are incorporated in the benefit certificate, and that the application, by-laws and certificate together constitute the contract; and that there might be some by-law, or some stipulation in the application for membership, that would modify and reduce the amount for which defendant appears to be liable on the face of the policy or certificate. The response to this is that, if such a thing exists, it should have been pleaded for the purpose of making the attempted defense of accord and satisfaction harmonious with the admissions contained in the answer. But as no such fact was pleaded, we think no defense was stated, and that under the admissions of the answer the court was fully justified in rendering judgment on the pleadings; and we therefore recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.