ROBERT M. WELCH, APPELLEE, v. JOHN Q. ADAMS, APPELLANT.

FILED OCTOBER 22, 1910.   No. 16,146.

1. **Pleading**: SUFFICIENCY. A statement in an answer that the defendant is not indebted to the plaintiff is not a denial of any fact upon which the right to recover depends, and raises no issue.

**2.** ———: Construction. Where an objection that a petition does not
state a cause of action is not interposed until after the com-
mencement of the trial of a case, the pleading will be liberally
construed, and, if possible, sustained.

3. Witnesses: Reference to Memorandum. If, at the time a state-
ment is made, a witness makes a memorandum thereof and
knows and testifies that the memorandum is correct, he may
produce the memorandum and testify therefrom, although he
admits that he has no independent recollection of such facts.

Appeal from the district court for Douglas county:
Alexander C. Troup, Judge. *Affirmed.*

*Oliver S. Erwin, Nelson C. Pratt* and *Alvin F. Johnson,*
for appellant.

*Bryce Crawford* and *Rich, O'Neil & Gilbert, contra.*

Root, J.

This is an action upon a contract. The plaintiff pre-
vailed, and the defendant appeals.

The defendant employed the plaintiff to solicit adver-
tisements, and agreed to pay him one-half of the amount
paid by the advertisers, as follows: One-fourth of the
contract price for every advertisement whenever a con-
tract should be received and accepted, "balance of com-
mission payable as the contracts are collected by the said
party of the first part." The plaintiff alleged in his peti-
tion that the defendant had received and accepted orders
secured by the plaintiff aggregating $2,659.25, "and the
defendant has collected thereupon from such advertisers
the sum of $———, and the defendant thereby became in-
debted to the plaintiff in the sum of $1,329.62." The plain-
tiff admits having received from the defendant $1,022, and
demands judgment for $307.07. The petition was not
assailed by motion or demurrer before trial; but an answer
was filed, wherein the defendant alleged that he did not
owe plaintiff anything, and further pleaded a settlement.
The defendant's plea of *nil debit* did not deny or place

in issue any fact alleged in the petition. *Gray v. Elbling,* 35 Neb. 278; *Baldwin v. Burt,* 43 Neb. 245; *Bankers Union of the World v. Favalora,* 73 Neb. 427.

Upon the trial of the cause, the defendant objected to the introduction of any evidence because the petition did not state facts sufficient to constitute a cause of action in the plaintiff's favor, but did not state in what particular the pleading was defective. The objection was overruled. The defendant now insists the plaintiff did not allege that the defendant collected any money upon the advertising contracts, and for that reason it does not appear that the defendant is in debt to the plaintiff. The rule is well established that, if the defendant's liability depends upon a condition, the plaintiff should charge that the event has come to pass. *Wilson v. Clarke,* 20 Minn. 367; *Inda v. McInnis,* 25 Nev. 235. If, however, the defendant does not object to the sufficiency of the petition until after the trial is commenced, the pleading will be liberally construed, and, if possible, sustained. *Chicago, B. & Q. R. Co. v. Spirk,* 51 Neb. 167; *Peterson v. Hopewell,* 55 Neb. 670; *Fire Ass'n v. Ruby,* 60 Neb. 216; *National Fire Ins. Co. v. Eastern Building & Loan Ass'n,* 63 Neb. 698.

Applying the rule to the case at bar, we are of opinion that the allegation in the petition should be construed as an imperfect statement that the defendant has collected the amount due on all of the advertising contracts. Thus construed, the pleading states a cause of action in plaintiff's favor. We have no doubt that, if the defendant had asked for a more specific statement, or in any other manner had challenged the trial court's attention to the blank in the petition, that court would have compelled the plaintiff to amend. Upon the trial of the case, the defendant testified in his own behalf and did not deny having collected every penny called for in the contracts, but relied upon the alleged settlement as a defense to the action. The issues were presented to the jury upon instructions not criticised by the defendant's counsel, and we are satisfied not only that the defendant was not prejudiced by the

condition of the petition, but that substantial justice has been done the parties and that section 145 of the code applies to the case at bar.

Upon the trial of the case, a witness testified concerning the defendant's testimony during the trial of the cause before a justice of the peace. The witness produced, and testified from, a memorandum made by him at the time the defendant testified in the lower court. The witness stated. that the memorandum was correct, but that independently of it he could not testify to the facts therein referred to. The memorandum referred to the amounts of money the defendant admitted had been paid to him upon 49 contracts, and the necessity for a memorandum to supplement the witness' memory is apparent. The testimony was competent. *Lipscomb v. Lyon*, 19 Neb. 511; *Gross v. Scheel*, 67 Neb. 223.

The judgment of the district court is right and is

                                        AFFIRMED.